BOWLES, Administrator, O. P. A., v. WEST-BROOK DEFENSE HOMES, Inc.

No. 1314.

District Court, D. Connecticut.

May 1, 1945.

J. Stephen Knight, Dist. Enforcement Atty., and Arnold M. Sweig, Rent Enforcement Atty., both of Hartford, Conn., for plaintiff.

Harry H. Kleinman, of Hartford, Conn., for defendant.

SMITH, District Judge.

This is an action under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., for injunctive relief requiring the return by a landlord to tenants of security deposits held under the terms of leases on priority constructed housing.

It has been the contention of the Administrator that security deposits are rent and controlled by the language of the Rent Regulations for Housing in effect prior to September 1, 1944. Following District Court decisions that the regulations as then worded did not prohibit the practice of requiring security deposits, Brown v. Bayview Manor Homes, Inc., D.C.E.D.Va.1943, 51 F.Supp. 557, Bowles v. Sylbern Homes, Inc., D.C. Conn., 1944, 55 F.Supp. 287, Amendment 33 was adopted by the Administrator, effective September 1, 1944, specifically prohibiting the receipt of security deposits and retention of any such deposits whether received prior to, on or after September 1, 1944.

Defendant seeks to attack the validity of the regulation as applied to deposits received prior to September 1, 1944, and denies that the sums held by it are security deposits within the meaning of the regulation, because of option provisions of the lease depending in part on these deposits.

The validity of the regulation cannot be tested here. See Bowles v. Bayview Manor Homes, 4 Cir., 1944, 146 F.2d 618, Yakus v. United States, 1944, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834, Bowles v. Wil-lingham, 1944, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892, Lockerty v. Phillips, 1943, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339. There is nothing in the 1944 Amendments to the Act which indicates any intent to change the law in this regard.

Defendant claims that the silence of Congress, after the Bayview Manor and Sylbern Homes cases, supra, with relation to the security deposit practice, necessarily means that the Administrator has no power over the practice. Even if that question could properly be passed upon here, however, those cases could not help the defendant's position, for they went not on the ground that the Administrator had no power to restrict or forbid the practice, but that he had not forbidden or restricted it.

The defendant had available the statutory methods of attack on the regulation, which have been held sufficient to afford him due process of law, yet up to the date of trial of this action he failed to commence proceedings to test the validity of the regulation.

It is true that other functions of the deposit, in relation to the option to buy, are expressed in the lease here as well as the purely security function. They are, however, security deposits in the usual meaning of the term, deposits to protect the lessor against violation of the rental or other provisions of the lease. It is obvious from the evidence and arguments here, moreover, that the chief value and purpose of the deposits, if not the only one, is security. The regulation depriving the defendant of that security may be unfair or unwise, particularly when applied retroactively, but power to review those questions is not in this Court under the Act.

Under these circumstances, the Court will not deny or delay injunctive relief to the plaintiff, particularly in view of the expressed intent of the Congress in Section 204 (e) of the Act as amended, that stays in the enforcement of this wartime legislation be granted only after judgment and even then only while recourse is being had to the review provisions of the Act. Nor, in view of that section, can the fact that strangers to this action have undertaken to test the validity of the regulation justify a stay of this proceeding prior to judgment.

Form of judgment for the plaintiff in accordance with this opinion may be submitted on notice.

174

## Finding of Facts

1. The defendant is the owner of approximately 85 single houses, erected in Hartford, Connecticut, in the latter part of 1943 under priority ratings from the War Production Board, and rented, with options to buy, at a monthly rent of $50 per month, payable in advance.

2. The defendant received from each tenant renting prior to October 1, 1944, a sum of money as a security deposit in accordance with the following provisions of the lease:

"The Tenant has this day deposited with the Landlord the sum of $100.00 as security for the full and faithful performance by the Tenant of all the terms, covenants and conditions of this lease upon the Tenant's part to be performed, which said sum shall be returned to the Tenant after the time fixed as the expiration of the term herein, provided the Tenant has fully and faithfully carried out all of said terms, covenants and conditions on Tenant's part to be performed. In the event of a bona fide sale, subject to this lease, the Landlord shall have the right to transfer the security to the vendee for the benefit of the Tenant and the Landlord shall be considered released by the Tenant from all liability for the return of such security; and the Tenant agrees to look to the new Landlord solely for the return of the said security, and it is agreed that this shall apply to every transfer or assignment made of the security to a new Landlord.

"That the security deposited under this lease shall not be mortgaged, assigned or encumbered by the Tenant without the written consent of the Landlord.

"In consideration of the execution of this lease and the depositing of $100.00 security by the Tenant to the Landlord, receipt of which is hereby acknowledged, the Landlord hereby gives the Tenant an option to purchase the said premises at any time for a price of Five Thousand Seven Hundred Ninety Dollars ($5,790.00), payable as follows:

"(a) By the Tenant taking title to said premises subject to, and assuming the obligation of, a mortgage now or hereafter to become a lien on the premises, given or to be given to secure an indebtedness in the original principal sum of $5,200.00, bearing interest at the rate of 4½% per annum and running until paid, and providing for monthly payments of principal and interest not exceeding the sum of $28.91 together with monthly payments of taxes, hazard and fire insurance and Federal Housing Administration mortgage insurance charges;

"(b) By paying in cash or certified check at the time of the option is exercised and a formal contract entered into, 50% of the full cash required amounting to $295.00.

"(c) At the time of title the Tenant shall pay the balance due less the amount of security hereinbefore mentioned. Said balance to be $195.00."

3. The defendant has not received under these lease provisions any sums of money since learning about October 1, 1944, of the issuance of Amendment 33 of the Rent Regulations for Housing, effective September 1, 1944.

4. The defendant retains the sum of $8,500, consisting of amounts received under the above lease provisions from 85 tenants prior to September 1, 1944.

5. The defendant, subsequent to the institution of this action, has tendered the return of any sums received under the above lease provisions between September 1, 1944, and October 1, 1944.

6. Thirty-eight tenants moved out of the defendant's houses above referred to, between the time of their construction and March, 1945.

7. These tenants owed at the time of moving out approximately $2,200 in rent, of which approximately $1,900 was recovered by the defendant from the sums held by it as security deposits under the above lease provision.

8. No protest has been filed under the Emergency Price Control Act by the defendant prior to the institution of this action.

9. A protest against Amendment 33 to the Rent Regulation for Housing has been filed by a person a stranger to this action and is now pending before a Board of Review pursuant to the Act.

## Conclusions of Law

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Sums received by the defendant under the lease provision referred to in paragraph 2 of the finding of facts are security deposits within the meaning of Rent Regulation for Housing as amended, effective September 1, 1944.

3. This Court has no power to determine in this proceeding the validity of the aforesaid Regulation.

4. The retention by the defendant of the sums referred to above is in violation of the Rent Regulation for Housing as amended, effective September 1, 1944.

5. The defendant is not entitled to a stay of this proceeding at this time.

6. The plaintiff is entitled to an injunction requiring return of the retained deposits to the tenants.