F.2d 969. The words in Section 717, "may issue his warrant to any officer" mean that he shall draw his warrant for the prisoner's arrest, sign it and deliver it to an officer for execution. As a matter of law a writ is "issued" when it is delivered to an officer with the intent to have it served. It means to send forth, to put in circulation. Black's Law Dictionary, 3d Ed., p. 1012; Vol. 22, Words and Phrases, Perm. Ed., "Issue"; Webster's Unabridged Dictionary defining word "issue".

I, therefore, am of the opinion that the writ is well taken and that petitioner should be discharged. Order may be drawn accordingly.

brook Defense Homes, D.C., 61 F.Supp. 172, the mandatory injunction sought by the plaintiff must be granted here.

The argument pressed by this defendant, that money retained in trust is not retained within the meaning of the regulation, is not persuasive. A trust relationship to the deposit must have been expected by the administrator in a substantial percentage of security deposit cases, from the very nature and purpose of the transaction, and any intention to omit those cases from the general language of the regulation would surely have been expressed.

Form of judgment for the plaintiff for a mandatory injunction, requiring refund of security deposits now retained, may be submitted on notice.

## BOWLES v. MANCHESTER DEVELOPMENT CORPORATION.

### Civ. A. No. 1342.

District Court, D. Connecticut.

May 1, 1945.

## MARINE CO. et al. v. MONAHAN, Deputy Com'r, et al.

### No. 1098.

District Court, D. Massachusetts.

May 25, 1945.

J. Stephen Knight, District Enforcement Attorney, and Arnold M. Sweig, Enforcement Attorney Division of Rents and Services, Office of Price Administration, both of Hartford, Conn., for plaintiff.

Jay E. Rubinow, of Manchester, Conn., for defendant.

SMITH, District Judge.

For the reasons stated in the Memorandum of Decision filed in Bowles v. West-