JENNIE LA SCALA, Landlord, Respondent, *v.* JOSEPH RUCHLAMER, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, March 20, 1947.

*Morris Schaeffer* for appellant.

*Frank J. Ricca* and *Charles Bricker* for respondent.

MEMORANDUM *Per Curiam.* It appears that this proceeding was brought for nonpayment of rent. The defendant pleaded payment. The landlord and tenant entered into a written lease for the premises on January 15, 1946. The lease provided that there should be $500 deposited as security under the lease, to be applied as follows: $20 per month was to be taken from the security toward the rent. This left $47 to be paid each month by the tenant. After $400 was thus exhausted, the remaining $100 was to remain on deposit with the landlord to guarantee the full performance of the terms of the lease.

Under paragraph (4) of subdivision (d) of section 2 of the Office of Price Administration Rent Regulation for Housing in the New York City Defense-Rental Area (10 Federal Register 11668) it is provided that no security shall be demanded or received from a tenant where the first rental of the premises after November 1, 1943, relates to housing accommodations not rented at any time between December 31, 1942, and November 1, 1943.

It is established as a fact that in March, 1943, the apartment was vacant and that the first renting thereafter was to this tenant-appellant, Ruchlamer.

Paragraph (10) of subdivision (a) of section 13 of the Office of Price Administration Rent Regulation (9 Federal Register 10635) defines rent as: " ' Rent ' means the consideration, including any bonus, benefit, or gratuity, demanded or received for or in connection with the use or occupancy of housing accommodations or the transfer of a lease of such accommodations.''

The Price Administrator, in *Matter of Parkview* (3 Pike & Fisher, O. P. A. Service, p. 3374, Nov. 15, 1945), interpreted a security deposit as being embraced in the statutory definition of rent.

In *Bowles* v. *American Victory Homes,* United States District Court of New Jersey, July 3, 1944 (Pike & Fisher, O. P. A. Opinions and Decisions, Desk Book No. 2), the court found as a conclusion of law (p. 5051): " That the demand and receipt of the security deposit as aforesaid constitute the demand and receipt of rent in excess of the maximum legal rent in violation, circumvention and evasion of the Emergency Price Control Act of 1942 * * * .''

There are similar findings in *Bowles* v. *Westbrook Defense Homes* (61 F. Supp. 172), United States District Court of Connecticut and *Bowles* v. *Manchester Development Corp.* (61 F. Supp. 647), United States District Court of Connecticut.

The Price Administrator's interpretation of the regulation is entitled to great weight. We are also bound to consider the decisions of the United States District Courts referred to.

The landlord was bound by the law as it existed at the time of making the lease. Accordingly, no security should have been demanded.

If the security deposited be treated as rent, there was nothing due from the tenant when the final order was issued.

The final order should be reversed, with $30 costs, and a final order directed in favor of the tenant, with costs.

HAMMER, SHIENTAG and HECHT, JJ., concur.

Order reversed, etc.