## HOWARD v. GRIST.

(Circuit Court, D. New Jersey. December 1, 1908.)

PATENTS (§ 328*)—ANTICIPATION AND INFRINGEMENT—HUB GUARD FOR WHEELS.

The Howard patent, No. 753,264, for a hub guard for wheels, which is attached to the axle, was not anticipated and discloses invention; also held infringed.

[Ed. Note.— For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. On final hearing.

Horace Pettit, for complainant.
J. J. Crandall, for defendant.

CROSS, District Judge. The patent involved in this suit is No. 753,264 for a hub guard for wheels. The object of the invention is set forth by the patentee in the following language:

"The object of my invention is to provide a guard for wheels of rolling chairs and similar vehicles whereby contact is prevented between the hub of the wheel and garments of persons who may occupy the chair or those who may be in proximity thereto while the same is being propelled along walks, corridors, roads and other thoroughfares. A further object of my invention is also to prevent foreign materials—such as sand, dust, and dirt—from coming in

contact with the hub and its bearing, thereby preserving the same in good condition."

The answer, as will appear from the following extracts, substantially admits infringement; but, if otherwise, the proofs clearly show it. After admitting that the defendant and his father had been engaged in the business of letting rolling chairs for hire for ten years, the answer proceeds as follows:

"And to the extent of the application of the claims of complainant's monopoly to the use which defendant had made of the same on his rollers under his chairs, defendant has been using the same for five years last past, and, further, the same is in no wise novel, but of the commonest expedient to accomplish the end of defendant's business of accommodating the public with chairs with rollers under them. Wherefore defendant avows that, so far as defendant's use of the device patented, the same is void for want of novelty, and that it is void as to defendant for the reason that the same contrivance for the same purpose defendant used more than two years before said monopoly was granted."

The only point remaining for any extended consideration, therefore, is the validity of the patent. No patents have been pleaded or shown in the prior art, but prior use and want of novelty and invention are relied upon to defeat the patent. It comprises three claims, of which claim 1 only is relied upon, which is as follows:

"A hub guard for vehicles, comprising a shell or cap extending over and inclosing the hub and spoke flange on their outer sides, a nut for retaining the wheel upon the axle, and means for securing said shell or cap to said nut."

It must be admitted at the outset that the patent does not disclose a high order of invention. It is of the simplest character, but withal is neat, practical, efficient, of considerable utility, and a distinct advance upon all other devices in prior use for the same purpose. Moreover, it was of sufficient merit to induce the defendant to discard the use of the prior forms and adopt it for his own use. Then, too, we have the prima facie evidence of validity which arises from the grant of the patent.

But two of the alleged anticipations need be considered. One of them is known as the "pie-plate" guard, which consists of a flat piece of tin, round in shape, five or six inches in diameter, with a hole in the center, and its outer edge crimped or folded. Sometimes this guard was attached by passing the end of the axle through the hole and fastening the guard there by means of a nut screwed on the end of the axle, which nut, however, formed no part of the guard, while in other cases it appears to have been attached to the wheel itself by wiring it to the spokes, the wire passing through holes formed in the outer edge of the disc, and thence around the spokes of the wheel. In either way, however, it was a crude device, and upon its face illy adapted for the purpose desired; for it is manifest that in one phase of its application the oil would escape through the hole in the tin and about the face of the nut almost as readily as it would if the guard were not present, while in the other, since the guard revolved with the wheel, the oil would naturally be thrown outward to the circumference of the disc and then drop or be thrown off.

The other device in the prior art, like the patent in suit, consists of a shallow bell-shaped shell or cap, large enough to extend over the hub and spoke flange when applied to the outer side thereof, but which, instead of being attached to the axle, was attached to the spokes by pieces of wire, which passed around two lips or prongs formed upon opposite sides of its circumference, and thence about the spokes of the wheel. As thus attached, the guard necessarily revolved with the wheel, and in that respect, as well as in its method of attachment, is not only unlike the patented device, but is subject to the same objection that exists in the case of the pie-plate guard when similarly fastened to the wheel. It cannot, therefore, with propriety, be said to anticipate the patent in suit, which skillfully and fully accomplishes the desired purpose.

Notwithstanding what has been above said as to the alleged anticipating devices and their use, it should be noted that the defendant is the only witness who has testified in relation to them. Testimony of this meager character, indefinite and contradictory as it is with respect to dates, cannot be said to prove the facts alleged beyond a reasonable doubt. as is required by the rule laid down in the Barbed-Wire Case, 143 U. S. 275, 285, 12 Sup. Ct. 443, 36 L. Ed. 154. The device in use by the defendant would seem beyond question to be to all intents and purposes the same as that of the patent in suit. It accomplishes the same purpose by the same means in substantially the same way. It is true it avoids the use of the nut, 5; but such avoidance was contemplated by the patentee, for in his specification he says:

"If deemed desirable, the nut, 5, may be dispensed with, and the shell, 8, may be attached directly to the end of the axle, serving the function of both that of the nut and of a guard for the hub."

The complainant's expert testified that claim 1 covered both forms of construction, and I quite agree with him. The complainant welds together in one piece what the patentee says may be so constructed, but which, in figure 2 of the patent, is shown in two parts, held together rigidly by a screw formation. Such an immaterial change in construction does not avoid infringement. The complainant's expert, speaking of the defendant's device as illustrated by an exhibit in the cause, says:

"That it is identical, term for term, structure for structure, with the specific form of invention described in lines 71 to 75, inclusive (quoted above), of the said specification of the letters patent in suit, and also as defined and claimed in the said first claim of the said patent."

More might be said upon this point, were it necessary, which it is not deemed to be, in view of the virtual admissions of infringement in the defendant's answer, already alluded to.

A decree for an injunction and accounting in the usual form will be entered. The complainant is entitled to costs.