**MIDWOOD GARDENS, Inc., v. BOWLES,· Price Adm'r.**

Civil Action No. 4123.

District Court, E. D. New York.

Oct. 6, 1944.

Herman G. Robbins, of Brooklyn, N. Y., for complainant.

Werner Ilsen, Regional Enforcement Executive, of New York City (Paul L. Ross, of New York City, of counsel), for the Administrator, appearing specially.

BYERS, District Judge.

Two motions in this cause require disposition, namely:

(a) That of the complainant, who seeks a temporary injunction to restrain the defendant from revoking an order of the Rent Director dated July 15, 1944, the effect of which was to declare that a roof garden and ramp constituting part of the premises 755 Ocean Avenue, Brooklyn, (an apartment building) constitute a structural addition thereto; that is, a major capital improvement, as the result of which rentals were properly registered as based in part upon the additional cost to the owner of such improvements, as contemplated by Section 4(d) (4) of the Regulations of the Office of Price Administration.

(b) That of the defendant, who seeks an order dismissing the cause on the ground that the Court lacks jurisdiction over the subject-matter of the controversy.

One opinion will suffice to dispose of both motions.

The order of July 15, 1944, was made as the result of a protest filed with the national office of the Price Administrator against a decision of the Regional Director dated April 7, 1944, which was favorable to the landlord in that it declared that the structural additions above referred to constituted a major capital improvement, but also unfavorable, in that it stated that the rental value of the apartment was not thereby increased; an earlier order of the Rent

Director for the County of Kings was in effect approved as to the rental question.

As the result of its protest, therefore, the landlord succeeded in causing the initial order of the local office to be set aside.

The last mentioned order was dated March 14, 1944, and was made by the Rent Director, Brooklyn Branch, the effect of which was to fix the rentals payable in the said apartment at the level prevailing on March 1, 1943, because a major capital improvement justifying an increase in said rents had not been demonstrated. Seemingly the landlord collected rents relying upon what seemed to be final departmental action, which was justified in view of the proceedings above recited.

However, the local Rent Director sent a further communication to the complainant under date of August 25, 1944, stating that the Rent Director proposed to revoke the order of July 15, 1944, as the result of re-investigation, because

"a. There has not been a substantial change between 3/1/43 and 11/1/43 in the housing accommodations by a Major Capital Improvement as distinguished from or-dinary repair, replacement and maintenance.

"The Rent Director further proposes that the revocation of said order shall have the effect of requiring the landlord to refund all monies collected thereunder in excess of the rent on 3/1/43."

The complainant's theory is that the Director should not be permitted to revoke the order of July 15, 1944, by his mere ipse dixit, without disclosing that there is any new or different evidence or departmental vacillation to justify his action; or without putting the matter down for a hearing, so that the landlord might be accorded an opportunity to demonstrate the impropriety of the contemplated action.

The landlord is thus confronted with the assurance that an adverse order is to be issued against him, of retroactive character, by the Rent Director in this area, and would like this Court to come to his rescue to prevent what he conceives to be a con-templated violation of his rights as estab-lished by the order of July 15, 1944.

The infirmity of the landlord's position is that Congress in precise terms has forbid-den any Court, save the Emergency Court of Appeals and the Supreme Court of the United States, to review any such order as the Rent Director proposes to make; and has forbidden any Court to stay or enjoin such an order.

See Section 204(d) of the Emergency Price Control Act of 1942, 56 Stat. 31, 50 U.S.C.A. Appendix § 924(d):

"* * * Except as provided in this section (review before the Emergency Court of Appeals), no court, Federal, State, or Territorial, shall have jurisdiction or pow-er to consider the validity of any such * * * order, * * * or to stay, restrain, enjoin, or set aside, in whole or in part, * * * any provision of any such * * * order * * *."

The language above quoted, and the opin-ions of the Supreme Court in Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339, and Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, construing this stat-ute, make it clear that there is no subject presently open to inquiry in this Court, perhaps because litigation seemingly is to be considered as a luxury rather than a necessity.

The contemplated conduct of the Rent Director in rescinding the order issued by him as directed by his superior officers, without the taking of testimony or giving the landlord an opportunity to be heard, and the question of whether Regulation 1300.207 authorizes him so to do, are there-fore subjects exclusively to be considered by the Regional Director, the Central Office of the Price Administrator, the Emergency Court of Appeals, or perhaps the Supreme Court itself; but his remedy, if he has any, is not to be found in this Court; conse-quently the defendant's motion to dismiss must be granted, and the complainant's mo-tion for a temporary injunction must be denied, and the restraining clause contained in the order to show cause dated Sep-tember 8, 1944, as expanded September 22, 1944, is vacated.

Settle order.