**BOWLES, Price Administrator, Office of Price Administration, v. SEC–CON HOME BUILDERS, Inc., et al.**

**Civ. No. 5367.**

District Court, D. Kansas, First Division.

June 25, 1945.

Dean Wood, of Kansas City, Mo., for plaintiff.

Stanley Garrity, of Kansas City, Mo., and John Bukaty, of Kansas City, Kan., for defendants.

HELVERING, District Judge.

Now on this 21st day of May, 1945, this matter comes on for hearing on plaintiff's Application for a Temporary Injunction.

By agreement between the parties the matter is considered at this time on final hearing on plaintiff's prayer for a permanent injunction. Statements of counsel having been made, testimony of witnesses and documentary evidence is introduced, and leave to file depositions and briefs of argument is granted.

Thereupon, the Court having been fully advised in the premises, having examined the pleadings filed in this cause, having fully considered the testimony and documentary evidence introduced, and having considered the oral arguments and briefs of counsel, makes the following findings of fact and conclusions of law:

### Findings of Fact

1. The plaintiff, Chester Bowles, is the duly appointed and acting Administrator of the Office of Price Administration. Defendant Sec-Con Home Builders, Inc., is a corporation duly and legally incorporated under the laws of the State of Missouri and duly authorized to do business in the State of Kansas, and the defendant Sylvester Allegro is the President and one of the managing officers of the corporate defendant. The defendants are transacting business within the state of Kansas.

2. The defendant Sec-Con Home Builders, Inc., a corporation, has been properly served with process and the defendant Sylvester Allegro has entered his personal appearance in this action.

3. Defendant corporation has legal title to and operates and supervises the rental of the following properties located in Mission, Johnson County, Kansas, such properties being now occupied by the tenants whose names follow the description of each of the premises:

| | |
|---|---|
| 5434 Outlook | C. C. Weig |
| 5438 Outlook | L. E. Pearson |
| 5440 Outlook | J. E. Wilcoxen |
| 5441 Outlook | W. L. Howell |
| 5433 Woodson | C. A. Berg |
| 5435 Woodson | F. E. Rahe |
| 5437 Woodson | H. D. Gibson |
| 5439 Woodson | R. E. Reggenbach |
| 4604 W. 55th St. | C. O. Swain |
| 4704 W. 55th St. | Herbert Shuey |

4. The residences on said premises were constructed by the defendant corporation in 1942 and said construction was financed by mortgage loans insured by the Federal Housing Administration, an agency of the United States government, under and by authority of Title VI of the National Housing Act, 12 U.S.C.A. § 1736 et seq.

5. On or about March 26, 1942, application was made by the defendant corporation to the Office of Production Management, Division of Priorities, for allocation of preference rating on materials necessary for the construction of said housing. On March 28, 1942, said application was certified by the Federal Housing Administration as covering housing considered to be Defense Housing and eligible for preference rating assistance, and on April 15, 1942, said application was approved by the Office of Production Management and preference rating was granted.

6. Said application for priority assistance contained, under item 5 of the "Certificate by Owner", a statement of "proposed total monthly rent to be charged per dwelling unit" under which the applicant proposed a total monthly charge of $50 per unit. Said certification also contained an agreement by the owner not to charge more than the amount proposed under item 5. The application makes no reference to minimum rental charges and includes no agreement on the part of the applicant to charge the maximum rental proposed and no requirement by either the Federal Housing Administration or the Office of Production Management as to minimum rentals which must be charged.

7. Title VI of the National Housing Act, Section 608 (b) (1), 12 U.S.C.A. 1743 (b) (1), provides that the Administrator "may, in his discretion" require the mortgagor "to be regulated or restricted as to rents or sales, charges, capital structure, rate of return, and methods of operation." General Order 60-3 issued by the National Housing Agency in February of 1943 (F. R. February 11, 1943, Vol. 8, No. 29), in subsection (C) (1) provides that, for the duration of the national emergency declared by the President of the United States on September 8, 1939 (4 F. R. 3851), the rental charges for private war housing, construction of which was begun before February 10, 1943, "shall not exceed the respective maximum amounts permitted by the conditions of the application * * * for priority assistance * * * submitted in connection with such housing" unless approval of the War Production Board or the National Housing Agency has been obtained. No evidence has been introduced which would show that either the War

Production Board, the Office of Production Management, the National Housing Agency, or the Federal Housing Administration has ever attempted to regulate rentals on the properties which are the subject of this action by establishing minimum rental charges and the Court, therefore, finds that no such regulation or fixed minimum rental rates promulgated by any of said agencies exists.

8. The Emergency Price Control Act of 1942 provides in Section 2(b), 50 U.S.C.A. Appendix § 902(b), that, whenever in the judgment of the Administrator such action is necessary or proper to effectuate the purposes of the Act, he shall issue a declaration making recommendations with reference to the "stabilization or reduction of rents for any defense-area housing accommodations within a particular defense-rental area" and when such stabilization or reduction has not been effected within sixty days thereafter he may "by regulation or order establish such maximum rent or maximum rents for such accommodations as * * * will effectuate the purposes of this Act." Subdivision (d) of the same section provides that he may prohibit manipulative practices in connection with "any defense-area housing accommodations" which may result in rental increases.

9. The Administrator of the Office of Price Administration under authority granted him by Congress through the Emergency Price Control Act of 1942, Section 2(b), designated the counties of Johnson, Leavenworth, and Wyandotte in the State of Kansas and the counties of Clay, Jackson, and Platte in the State of Missouri a Defense-Rental Area, and thereafter, pursuant to the same section of said Act, issued a regulation establishing the maximum rent which could thereafter be charged for all housing accommodations in said Defense-Rental Area. Said regulation became effective on September 1, 1942.

10. The Administrator of the Office of Price Administration, under authority granted to him by the Emergency Price Control Act, issued Rent Regulation for Housing No. 1388.1181, the same being the regulation establishing maximum rents referred to above. Said regulation was in effect on April 27, 1945, and provided in Section 4 thereof the maximum rents to be charged in Defense-Rental Areas. The introductory provision of said section is "Sec. 4. Maximum Rents. Maximum rents (unless and until changed by the Administrator as provided in section 5) shall be: * * *." Section 4(f) establishes maximum rentals on housing constructed with government priority ratings and on which the rental charge has been approved by an agency of the United States government. Such regulation applies to the housing which is the subject of this action. Section 5 of said regulation provides that the Administrator may issue an order changing the maximum rents otherwise allowable and sets forth the grounds for decrease of rents, which include substantial deterioration of the housing accommodations or a decrease in the minimum services required by section 3 of the regulation since the date or order determining the maximum rent.

11. Prior to April 27, 1945, the defendants had charged each of the tenants of the properties involved in this action $50 per month as rent for said properties.

12. On April 27, 1945, plaintiff issued an Order and Directive, effective May 1, 1945, reducing the permissible maximum monthly rental charges on said properties to the following amounts:

| | |
|---|---|
| 5434 Outlook | $40.00 per month |
| 5438 Outlook | $30.00 per month |
| 5440 Outlook | $35.00 per month |
| 5441 Outlook | $30.00 per month |
| 5433 Woodson | $32.50 per month |
| 5435 Woodson | $40.00 per month |
| 5437 Woodson | $35.00 per month |
| 5439 Woodson | $35.00 per month |
| 4604 W. 55th St. | $30.00 per month |
| 4704 W. 55th St. | $32.50 per month |

Said decreases in rent were ordered under authority of Regulation No. 1388.1181, Section 5 (C) (2) and (3) on the grounds of substantial deterioration of the properties and decrease in services.

13. Said Order and Directive of April 27, 1945, and said Rent Regulation for Housing No. 1388.1181 are administrative orders and defendants have not availed themselves of the provisions for review or protest as authorized by Revised Procedural Regulation No. 3 established by the Administrator of the Office of Price Administration under authority of sections 201 (d) and 203 of the Emergency Price Control Act as amended, 50 U.S.C.A. Appendix §§ 921 (d), 923, and they have filed no complaint relating thereto before the Emergency Court of Appeals.

14. Section 204 (a) of the Emergency Price Control Act gives the Emergency Court of Appeals and the Supreme Court of the United States exclusive jurisdiction to determine the validity of any regulation or order issued under section 2 of the Act. Defendants have not challenged the validity of the orders and regulations of the Administrator of the Office of Price Administration establishing the Defense-Rental Area here involved, establishing the maximum rentals for said area, providing for the inclusion therein of and the regulation of rentals charged for the housing here involved, or the orders reducing said rents before either of said courts.

15. The defendants have refused to comply with said regulations and said Order and Directive of April 27, 1945, have demanded the payment of rent by each of said tenants in excess of the maximum rentals as established by said Order and Directive, have notified each of said tenants that unless the former rent of $50 per month is paid defendants will evict said tenants for nonpayment of rent, and have sent some of said tenants written notices as provided by the statutes of the State of Kansas ordering said tenants to vacate said premises within three days from May 1, 1945, because of nonpayment of rent. Said tenants have refused to pay more than the maximum rental permitted by said Order and Directive but are ready and willing to pay and have tendered payment of rent at the rates established by said Order and Directive, which rent defendants have refused to accept.

### Conclusions of Law

1. This Court has personal jurisdiction of the parties to and of the subject matter of this action.

2. The Administrator of the Office of Price Administration had jurisdiction of the properties here involved at the time his Order and Directive of April 27, 1945, was issued for the purpose of reducing the maximum monthly rent which could be charged therefor.

3. Neither the Administrator of the Federal Housing Administration, the National Housing Agency, the Office of Production Management, nor the War Production Board had on or prior to April 27, 1945, established a minimum monthly rental which defendants were required to charge for said properties and there is no conflict between the regulations and orders heretofore made and issued by the War Production Board, the Administrators of the National Housing Agency, the Federal Housing Administration, or the Office of Production Managment and those made and issued by the Administrator of the Office of Price Administration relating to the establishment of maximum rentals on said properties.

4. This Court has no jurisdiction to determine the validity of regulations issued by the Administrator of the Office of Price Administration establishing Defense-Rental Areas and setting maximum rental charges which may be made for housing accommodations located therein or of orders and directives issued by the Administrator of the Office of Price Administration reducing rents thereon in accordance with regulations issued by him under authority of the Emergency Price Control Act of 1942.

5. As a basis for the relief sought in this action, the Order and Directive issued by the Administrator of the Office of Price Administration on April 27, 1945, reducing the maximum rents which could be charged by defendants on the properties involved herein was valid and effective at the time of the hearing herein.

6. Defendants have violated and are continuing to violate Section 4(a) and (b) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 904 (a, b), Section 6 (a) and (d) of Rent Regulation for Housing No. 1388.1181 and the Order and Directive of April 27, 1945, issued by the Administrator of the Office of Price Administration.

7. Plaintiff is entitled to an injunction enjoining and restraining the said defendants and each of them from violating the Rent Regulation for Housing and the Emergency Price Control Act and requiring them to obey the Order and Directive issued on April 27, 1945, and to cease and desist from any attempt, or action in court, to evict any of said tenants or to require any of them to vacate said premises for nonpayment of rent in excess of the rent established in said Order and Directive.

It is, therefore, by the Court, considered, ordered, adjudged, and decreed that the defendants, their servants, agents, employees, attorneys and all other persons in active concert or participation with them or either of them be and they are hereby enjoined and restrained (a) from directly or indi-

rectly demanding or receiving, or attempting to demand or receive, rents or other charges for the use and occupancy of property owned by them in excess of the maximum legal rent permitted under the Rent Regulation for Housing and the Order and Directive issued by the Administrator of the Office of Price Administration on April 27, 1945; (b) to cease and desist from any attempt, or action in court, to evict any of their tenants or to require any of them to vacate said premises for nonpayment of rent in excess of the rent established by the Rent Regulations for ·Housing and the Order and Directive of the Administrator of the Office of Price Control issued April 27, 1945; (c) permitting or continuing any acts, practices, or omissions in violation of any regulation, schedule, requirement or order relating to rent which now has or may hereafter be issued by the Office of Price Administration pursuant to the Emergency Price Control Act of 1942, as amended.

It is further ordered, adjudged, and decreed by the Court that the costs of this action be taxed to the defendants herein.