### HABER et al. v. GARTHLY et al.
### Civil Action No. 5444.

District Court, E. D. Pennsylvania.
Sept. 10, 1946.

Ernest Ray White, of Philadelphia, Pa., for plaintiffs.

Edward I. Weisberg, of Philadelphia, Pa., for defendants.

BARD, District Judge.

This is an action under section 205(e) of the Emergency Price Control Act of 1942[1] to recover treble damages, together with reasonable attorney's fees and costs, for failure to refund rent received in excess of the maximum rent fixed in accordance with the provisions of that Act.

On the basis of the pleadings and the testimony, I make the following special

### Findings of Fact.

1. Defendants, William Garthly and Elizabeth V. Weintraub, are, and at all material times have been, the owners and lessors of the apartment building at 315 Harrison Avenue, Elkins Park, Montgomery County, Pennsylvania, which is located within the Philadelphia Defense Rental Area.

2. On March 1, 1942, defendants rented Apartment "B" of the aforesaid premises to plaintiffs, Adolph Haber and Lucille Haber, under a yearly·lease which provided for $85 monthly rental.

---

[1] Act of January 30, 1942, c. 26, Title II, § 205(e), 56 Stat. 33, as amended June 30, 1944, c. 325, Title I, § 108, 58 Stat. 640, 50 U.S.C.A.Appendix, § 925(e).

3. On August 15, 1942, defendants filed with the Office of Price Administration Area Rent Director a Registration of Rental Dwellings covering the premises in question, which stated that the monthly rental of $85 included, inter alia, janitor service, garbage disposal, and interior and exterior repairs, as a part of the housing accommodations.

4. On August 30, 1945, the Office of Price Administration Rent Director for the Philadelphia Defense Rental Area issued an order effective October 17, 1944, reducing the rental for Apartment "B" from $85 per month to $75 per month on the ground that essential repairs, janitor service, and garbage disposal had not been provided by defendants. This order further stated:

"All rent received by you since effective date of this order, in excess of the maximum legal rent established thereby, namely $75.00 per month is subject to refund to the tenant. Upon your failure to make such refund within thirty days from the date hereof, the excess payments received and withheld will be considered an overcharge within the meaning of Section 205(e) of the Emergency Price Control Act of 1942, as amended, subjecting you to a treble damage action in accordance with that section without further notice."

5. Subsequent to receipt of the Area Rent Director's order of August 30, 1945, defendants protested to the Rent Director that the order had been issued without prior notice to defendants, and that defendants had therefore been denied an opportunity to present argument or evidence in their behalf. Accordingly, the Area Rent Director arranged a hearing on the matter for December 13, 1945, at which hearing defendants were permitted to present all evidence and other matters pertinent to the controversy which had not been submitted previously.

6. On February 7, 1946, the Area Rent Director informed defendants by letter that as a result of the conference of December 13, 1945, it had been decided "that the order issued August 30, 1945 and effective October 17, 1944, was correct and that it must remain in effect until changed by order of the Area Rent Director." The letter of February 7, 1946, reiterated that "All rent since the effective date of this order in excess of $75.00 per month is subject to refund to the tenant."

7. From March 1, 1942, through September 30, 1945, defendants demanded of and received from plaintiffs the sum of $85 per month as rental for Apartment "B." Up until the date of the trial, April 29, 1946, defendants had not tendered to plaintiffs any refund of the $10 per month overcharge for the period October 17, 1944, through September 30, 1945.

## Discussion.

■ Defendants challenge the validity of the Office of Price Administration order of August 30, 1945, affirmed by letter of February 7, 1946, wherein the Area Rent Director ordered defendants to reduce plaintiffs' rental to $75 per month, and to refund to plaintiffs all rent in excess of $75 per month received since October 17, 1944. However, this court is not a proper forum in which to challenge the validity or constitutionality of the order in question, and the invalidity or unconstitutionality of the order may not be asserted as a defense to the present action. Section 204(d), Emergency Price Control Act of 1942, supra; Lockerty v. Phillips, 1943, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339; Midwood Gardens, Inc. v. Bowles, D.C.E.D.N.Y., 1944, 57 F.Supp. 110; Bowles v. Indianapolis Glove Co., 7 Cir. 1945, 150 F.2d 597; Bowles v. Sec-Con Home Builders, Inc., D.C.Kan., 1945, 62 F.Supp. 654.

Defendants also contend that inasmuch as plaintiffs did not institute their action within thirty days from the date of issuance of the order of August 30, 1945, the Administrator of the Office of Price Administration is the only party who may maintain an action for treble damages against defendants. As applied to this case, Section 205(e) of the Emergency Price Control Act, as amended, provides that the tenant may bring an action against the landlord on account of the overcharges within one year from the date of the occurrence of the violation; and section 205(e) further provides that if the tenant "fails to institute an action under this subsection within

776

thirty days from the date of the occurrence of the violation * * * the Administrator may institute such action on behalf of the United States within such one-year period." Defendants would construe this language to mean that since the Administrator *may* institute an action after the thirty-day period has elapsed, therefore plaintiffs *may not*. I can find no support, either in law or in reason, for that proposition. With respect to the Administrator, the above-quoted language from section 205(e) of the Act is clearly permissive, and in my opinion its effect is to make the landlord liable to an action by either the tenant *or* the Administrator after thirty days from the occurrence of the violation, and within the one-year period.

■■■ The Office of Price Administration order of August 30, 1945; affirmed February 7, 1946, required defendants to do two things: (1) To reduce plaintiffs' rental to $75 per month, and (2) to refund to plaintiffs all rent in excess of $75 per month received since October 17, 1944. Defendants did reduce the rental to $75 per month on October 1, 1945, but they have refused to refund to plaintiffs any portion of the prior overcharges. Their refusal to tender the refund directed by the Office of Price Administration constituted a violation of the Emergency Price Control Act. Under section 205(e) of the Act, defendants are liable to the extent of three times the amount of the overcharges, unless they have proved that the violation "was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation."

With respect to violations of the Emergency Price Control Act, it is well settled that the term "wilfull" means intentional, knowing, voluntary, or deliberate, as distinguished from accidental, involuntary, or unintentional. Zimberg v. United States, 1 Cir., 1944, 142 F.2d 132; Bowles v. Krasno

Bros. Glove & Mitten Co., D.C.E.D.Wis., 1945, 59 F.Supp. 581; Bowles v. Batson, D.C.W.D.S.Car., 1945, 61 F.Supp. 839. I think that the facts of the instant case preclude defendants from asserting that their violation was not "wilfull." The Office of Price Administration order of August 30, 1945, contained on its face a warning that failure to make the required refund within thirty days would subject defendants to an action for treble damages, and the affirming letter of February 7, 1946, reminded defendants of their obligation to make the refund. Despite these repeated admonitions, defendants have steadfastly refused to comply with the order; whatever their motives, which are immaterial, their refusal was certainly intentional, deliberate, and voluntary. I therefore conclude that defendants have failed to prove that their violation was not "wilfull," and that they are liable to plaintiffs in the amount of three times the amount of the overcharges, plus reasonable attorney's fees and costs.

### Conclusions of Law.

1. This court has jurisdiction of the parties and the subject matter of the action.

2. Defendants are violators of the Emergency Price Control Act of 1942, as amended, and they have failed to prove that their violation was not "wilfull."

■■■ 3. Defendants are liable to plaintiffs in the following amounts:

(a) Three times the amount of $10 per month for the period October 17, 1944, through September 30, 1945. Plaintiffs demand $330, and will be awarded that sum.

(b) Reasonable attorney's fees, which are hereby fixed at $75.

(c) Costs of this action, as they may appear.

4. Judgment may be entered for plaintiffs accordingly.