PEARCE v. VANDAGRIFF.

No. 33846.   Oct. 10, 1950.

*223 P. 2d 349.*

Service & Marshall, of Edmond, for plaintiff in error.

Homer L. Hurt, of Oklahoma City, for defendant in error.

JOHNSON, J. The parties will be referred to herein as they appeared in the trial court, i.e., the defendant in error as plaintiff and the plaintiff in error as defendant.

The record discloses that defendant was the owner of a building in Edmond, Oklahoma, and resided on the lower floor. The upper floor was divided into several apartments. Plaintiff, pursuant to an oral contract, rented an apartment known as the upper north three rooms, and occupied the same from December 16, 1946, to July 14, 1947, and paid a rental of $40 per month. The defendant had failed to register this property with the Area Rent Control Office. On May 6, 1947, the rental was fixed by the Area Rent Control Office at the rate of $17.50 per month, effective from the date of December 15, 1946. This rental was fixed pursuant to what is known as a "D-19" proceeding, and used only upon failure of a landlord to register the premises as required by the provisions of the Emergency Price Control Act of 1942, sec. 1, et seq., as amended, 50 U. S. C. A. Appendix, sec. 901, et seq. Due demand was made upon the defendant for a refund of the overcharge, and upon failure to make such refund, this action was instituted by verified petition alleging substantially the foregoing facts.

The defendant answered denying the authority of the Area Rent Control Office to make and enter its order dated May 16, 1947, retroactive to and beginning on December 16, 1946; and further alleging the plaintiff paid no rent subsequent to the issuance of the order under date of May 16, 1947.

The jury returned a verdict in favor of plaintiff for triple the amount of the overcharge, or $301.20. Defendant's motion for new trial was overruled, and judgment rendered based upon the verdict. Thereupon, the court rendered additional judgment of $75 for attorney's fee. Defendant excepted and appealed.

Defendant's first contention is that:

"The trial court should have directed a verdict in favor of the defendant holding, as a matter of law, that the Area Rent Control Office had no authority to make and enter its order fixing rent at $17.50 per month, on her property on May 16, 1947, and make such order retroactive to December 16, 1946."

This contention is without merit. Where by statute and rent regulation in force before rent collections were made, landlord's default in filing registration statement within thirty days after first rental of premises rendered rent payments conditional, subject to revision and to refund of excess, refund order was not invalid as applying the law to landlord retroactively. Emergency Price Control Act of 1942 sec. 1, et seq., as amended, 50 U. S. C. A., Appendix, sec. 901, et seq.; Woods Housing Expeditor v. Stone, 333 U. S. 472, 68 S. Ct. 624, 92 L. Ed. 815.

In the Woods case, supra, the court said:

"It is also suggested that the refund order applies the law to the landlord retroactively. Quite apart from the fact that this is an objection to the order itself rather than to the question of limitation of time, we think the suggestion to be without merit. This is not the case of a new law reaching backwards to make payments illegal that were free of infirmity when made. By legislation and regulation in force before the collections were made, the landlord's own default in registering had rendered these payments conditional, subject to

revision and to refund. Readjustment under these conditions cannot be said to be retroactive law making."

It is next contended that:

"The court should have held that the renting of registered two units as one unit was not a violation of rent regulations requiring a new registration of said property, and erred in failing to instruct the jury to that effect."

The defendant testified that this three-room apartment was registered with the O. P. A. as two separate units, one room for $5 per week, and two rooms for $6 per week; that these units combined as one single unit were rented to plaintiff for $10 per week, or $40 per month, and that when so rented there was not such a change of condition as to require a new registration as a three-room apartment.

An officer of the O. P. A. who had charge of, or access, to the files pertaining to defendant's property, testified that they had no record of defendant having registered this three-room apartment as two separate units, or that it had been properly registered at any time. It was shown by an official of the O. P. A., that not only the property involved was owned by the defendant, but other properties, and that without exception it was necessary to institute proceedings for the determination of the rent on her various living units.

The evidence being in conflict, we think this question was properly presented to the jury in instructions Nos. 6 and 9, which read:

"No. 6. You are instructed that the issues raised by the pleadings and to be determined by you are whether or not the rental demanded and received by the defendant from the plaintiff for the premises involved herein and for the period in question, was in excess of the maximum rental allowed to be charged and received for said premises under the regulations of the Office of Price Administration; and, if so, whether or not such act or acts of the defendant, in demanding and receiving said rental in excess of the amount authorized by said regulations was either willful or the result of failure to take practicable precautions against the occurrence of such violation."

"No. 9. . . . if you fail to find from a preponderance of the evidence in this case that the defendant did violate a regulation, order, or price schedule prescribing a maximum rent for the premises in question, then and in that event your verdict should be for the defendant."

Defendant urges that after the order was made fixing the rental at $17.50 per month she never accepted any rentals from plaintiff; but that plaintiff continued to live in the apartment from June 3 until July 14 without paying any rent; that calculating the rent on this monthly basis she should have credit for rent due in the sum of $26.25 under the order fixing the rent.

The fact that she refused to accept rentals after the order fixing the amount of rentals is unavailing as a defense, and as for the unpaid rent, the petition of plaintiff appears to have excluded this amount from the amount of damages sought.

From the record as a whole, we think, and so hold, that the evidence warranted finding that all rents in excess of designated amount received since designated date, as ordered by Office of Price Administration, was willful violation of Emergency Price Control Act, entitling tenants to recover three times the amount of rental overcharges. Emergency Price Control Act, supra, sec. 925 (e); Haber v. Garthly, 165 F. 211.

It is next contended that:

"The court erred in allowing the plaintiff an attorney's fee of $75 at the time of hearing a motion for new trial without the question being reserved and held open for consideration of the court at the trial of the cause."

We do not agree with this contention. The plaintiff by his verified petition asked for treble damages in the sum

of $301.20 and an alleged reasonable attorney's fee in the sum of $75. The verdict of the jury was for the sum asked for as treble damages. The court in Instruction No. 7 instructed the jury as follows:

"No. 7. . . . in such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, . . ."

The tenants were properly awarded $301.20 treble damages for landlord's refusal to refund rent overcharges and were, therefore, entitled to a reasonable attorney's fee to be determined by the court. The reasonableness of said fee not being questioned, it was properly assessed. 50 U. S. C. A. Appendix, §925 (e), supra; Haber v. Garthly (D. C.) 67 F. Supp. 774.

Plaintiff's request for an additional attorney's fee for service on appeal is allowed, and the amount is fixed at $75.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, and HALLEY, JJ., concur. LUTTRELL and O'NEAL, JJ., concur except as to allowance of additional attorney's fee.

