## LOCKERTY ET AL. *v.* PHILLIPS, UNITED STATES ATTORNEY.

No. 934.  Argued May 3, 1943.—Decided May 10, 1943.

*Mr. Arthur T. Vanderbilt,* with whom *Mr. Harold Simandl* was on the brief, for appellants.

*Mr. Thomas I. Emerson,* with whom *Solicitor General Fahy, Assistant Attorney General Tom C. Clark,* and *Mr. Paul A. Freund* were on the brief, for appellee.

Mr. Chief Justice Stone delivered the opinion of the Court.

The question for our decision is whether the jurisdiction of the district court below to enjoin the enforcement of price regulations prescribed by the Administrator under the Emergency Price Control Act of 1942, 56 Stat. 23, was validly withdrawn by § 204 (d) of the Act. Appellants brought this suit in the district court for the District of New Jersey for an injunction restraining appellee, the United States Attorney for that district, from the prosecution of pending and prospective criminal proceedings against appellants for violation of §§ 4 (a) and 205 (b) of the Act, and of Maximum Price Regulation No. 169. In view of the provisions of § 204 (d) of the Act, the district court of three judges, 28 U. S. C. § 380a, dismissed the suit for want of jurisdiction to entertain it.

The amended bill of complaint alleges that appellants are established merchants owning valuable wholesale meat businesses, in the course of which they purchase meat from packers and sell it at wholesale to retail dealers; that Maximum Price Regulation No. 169, promulgated by the Price Administrator under the purported authority of § 2 (a) of the Act, as originally issued and as revised, fixed maximum wholesale prices for specified cuts of beef; that in fixing such prices the Administrator had failed to give due consideration to the various factors affecting the cost of production and distribution of meat in the industry as a whole; that the Administrator had failed to fix or regulate the price of livestock; that the conditions in the industry— including the quantity of meat available to packers for distribution to wholesalers, the packers' expectation of profit, and the effect of these conditions upon the prices of meat sold by packers to wholesalers—are such that appellants are and will be unable to obtain a supply of meat from packers which they can resell to retail dealers within the

prices fixed by Regulation No. 169; that enforcement of the Regulation will preclude appellants' continuance in business as meat wholesalers; that the Act as thus applied to appellants is a denial of due process in violation of the Fifth Amendment of the Constitution, and involves an unconstitutional delegation of legislative power to the Administrator; that appellee threatens to prosecute appellants for each sale of meat at a price greater than that fixed by the Regulation, and to subject them to the fine and imprisonment prescribed by §§ 4 and 205 (b) of the Act for violations of the Act or of price regulations prescribed by the Administrator under the Act; and that such enforcement by repeated prosecutions of appellants will irreparably injure them in their business and property.

Section 203 (a) sets up a procedure whereby any person subject to any provision of any regulation, order or price schedule promulgated under the Act may within sixty days "file a protest specifically setting forth objections to any such provision and affidavits or other written evidence in support of such objections." He may also protest later on grounds arising after the expiration of the original sixty days. The subsection directs that within a specified time "the Administrator shall either grant or deny such protest in whole or in part, notice such protest for hearing, or provide an opportunity to present further evidence in connection therewith. In the event that the Administrator denies any such protest in whole or in part, he shall inform the protestant of the grounds upon which such decision is based, and of any economic data and other facts of which the Administrator has taken official notice."

By § 204 (a), "Any person who is aggrieved by the denial or partial denial of his protest may, within thirty days after such denial, file a complaint with the Emergency Court of Appeals, created pursuant to subsection (c), spec-

ifying his objections and praying that the regulation, order, or price schedule protested be enjoined or set aside in whole or in part." Subsection (b) provides that no regulation, order, or price schedule, shall be enjoined "unless the complainant establishes to the satisfaction of the court that the regulation, order, or price schedule is not in accordance with law, or is arbitrary or capricious." Under subsections (b) and (d), decisions of the Emergency Court may, by writ of certiorari, be brought for review to the Supreme Court, which is required to advance the cause on its docket and to expedite the disposition of it.

Although by following the procedure prescribed by these provisions of the Act appellants could have raised and obtained review of the questions presented by their bill of complaint, they did not protest the price regulation which they challenge and they took no proceedings for review of it by the Emergency Court. Appellants are thus seeking the aid of the district court to restrain the enforcement of an administrative order without pursuing the administrative remedy provided by the statute (cf. *Illinois Commerce Commission* v. *Thomson,* 318 U. S. 675, 686) and without recourse to the judicial review by the Emergency Court of Appeals and by this Court which the statute affords.

Moreover the statute vests jurisdiction to grant equitable relief exclusively in the Emergency Court and in this Court. Section 204 (d) declares: "The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regula-

tion, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."

By this statute Congress has seen fit to confer on the Emergency Court (and on the Supreme Court upon review of decisions of the Emergency Court) equity jurisdiction to restrain the enforcement of price orders under the Emergency Price Control Act. At the same time it has withdrawn that jurisdiction from every other federal and state court. There is nothing in the Constitution which requires Congress to confer equity jurisdiction on any particular inferior federal court. All federal courts, other than the Supreme Court, derive their jurisdiction wholly from the exercise of the authority to "ordain and establish" inferior courts, conferred on Congress by Article III, § 1, of the Constitution. Article III left Congress free to establish inferior federal courts or not as it thought appropriate. It could have declined to create any such courts, leaving suitors to the remedies afforded by state courts, with such appellate review by this Court as Congress might prescribe. *Kline* v. *Burke Construction Co.,* 260 U. S. 226, 234, and cases cited; *McIntire* v. *Wood,* 7 Cranch 504, 506. The Congressional power to ordain and establish inferior courts includes the power "of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good." *Cary* v. *Curtis,* 3 How. 236, 245; *Lauf* v. *E. G. Shinner & Co.,* 303 U. S. 323, 330; *Hallowell* v. *Commons,* 239 U. S. 506, 509; *Smallwood* v. *Gallardo,* 275 U. S. 56; *Toucey* v. *New York Life Ins. Co.,* 314 U. S. 118, 129. See also *United States* v. *Hudson and Goodwin,* 7 Cranch 32, 33; *Mayor* v. *Cooper,* 6 Wall. 247, 252;

*Stevenson* v. *Fain,* 195 U. S. 165, 167; *Kentucky* v. *Powers,* 201 U. S. 1, 24; *Chicot County Dist.* v. *Baxter Bank,* 308 U. S. 371, 376. In the light of the explicit language of the Constitution and our decisions, it is plain that Congress has power to provide that the equity jurisdiction to restrain enforcement of the Act, or of regulations promulgated under it, be restricted to the Emergency Court, and, upon review of its decisions, to this Court. Nor can we doubt the authority of Congress to require that a plaintiff seeking such equitable relief resort to the Emergency Court only after pursuing the prescribed administrative procedure.

Appellants argue that the command of § 204 (d) that "no court, Federal, State, or Territorial, shall have jurisdiction or power to . . . restrain, enjoin, or set aside . . . any provision of this Act" extends beyond the mere denial of equitable relief by way of injunction, and withholds from all courts authority to pass upon the constitutionality of any provision of the Act or of any order or regulation under it. They insist that the phrase "set aside" is to be read broadly, as meaning that no court can declare unconstitutional any such provision, and that consequently the effect of the statute is to deny to those aggrieved, by statute or regulation, their day in court to challenge its constitutionality. But the statute expressly excepts from this command those remedies afforded by § 204, including that of subsection (b), which gives to complainants a right to an injunction whenever they establish to the satisfaction of the Emergency Court that the regulation, order, or price schedule is "not in accordance with law, or is arbitrary or capricious." A construction of the statute which would deny all opportunity for judicial determination of an asserted constitutional right is not to be favored. The present Act has at least saved to the Emergency Court, and, upon review of its decisions,

to this Court, authority to determine whether any regulation, order, or price schedule promulgated under the Act is "not in accordance with law, or is arbitrary or capricious." We think it plain that orders and regulations involving an unconstitutional application of the statute are "not in accordance with law" within the meaning of this clause, and that the constitutional validity of the Act, and of orders and regulations under it, may be determined upon the prescribed review in the Emergency Court.

Appellants also contend that the review in the Emergency Court is inadequate to protect their constitutional rights, and that § 204 is therefore unconstitutional, because § 204 (c) prohibits all interlocutory relief by that court. We need not pass upon the constitutionality of this restriction. For in any event, the separability clause of § 303 of the Act would require us to give effect to the other provisions of § 204, including that withholding from the district courts authority to enjoin enforcement of the Act—a provision which as we have seen is subject to no unconstitutional infirmity.

Since appellants seek only an injunction which the district court is without authority to give, their bill of complaint was rightly dismissed. We have no occasion to determine now whether, or to what extent, appellants may challenge the constitutionality of the Act or the Regulation in courts other than the Emergency Court, either by way of defense to a criminal prosecution or in a civil suit brought for some other purpose than to restrain enforcement of the Act or regulations issued under it.

*Affirmed.*