**BOWLES, Price Administrator, Office of Price Administration, v. THOMAS C. FLUKE & CO. et al.**

No. 4487.

District Court, E. D. Pennsylvania.

May 14, 1945.

Walter N. Moldawer and Mary E. Groff, both of Philadelphia, Pa. (Robert J. Callaghan, of Philadelphia, Pa., on the brief), for plaintiff.

Maurice Stern, of Philadelphia, Pa., for defendants.

BARD, District Judge.

This is an action brought by Chester Bowles, Price Administrator, Office of Price Administration, (1) to enjoin violations of Section 4(a) of the Emergency Price Control Act of 1942 as amended, 56 Stat. 23, 765, 57 Stat. 566, 50 U.S.C.A. Appendix § 904(a), and of Philadelphia District Order No. 14 issued under Revised General Order No. 51, 9 F.R. 408, as amended, and of Maximum Price Regulation No. 336, 8 F.R. 2859, as amended, and of Maximum Price Regulation No. 355, 8 F.R. 4423, as amended; and (2) to recover damages therefor under Section 205(e) of the Act, as amended, 50 U.S.C.A. Appendix § 925(e).

Jurisdiction of this action is conferred upon this court by Section 205(c) of the Act.

I make the following special findings of fact:

1. Defendant Thomas C. Fluke and Company, a corporation organized and existing by virtue of the laws of the State of Pennsylvania, owns and operates an independent retail food store at 1732 Chestnut Street, Philadelphia, Pennsylvania.

2. Defendants William M. Mathewson and William Sidney Mathewson are, respectively, the treasurer and buyer of Thomas C. Fluke and Company. Pursuant to their relation with defendant corporation, the defendants William M. Mathewson and William Sidney Mathewson fix the retail selling price of all commodities sold by defendant Thomas C. Fluke and Company.

3. On July 31, 1943 defendant corporation was classified as a "Group 1" store by the Philadelphia District Office of the Office of Price Administration and was notified to display the appropriate ceiling prices and its selling prices as required in the regulations.

4. Pursuant to the provisions of Section 2(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 902 (a), the Price Administrator issued the following regulations which have been at all times since the dates of issuance, and at all times mentioned herein, in full force and effect: Philadelphia District Order No. 14, effective May 31, 1944 issued under Revised General Order No. 51, "Authorization to Fix Community Ceiling Prices for Food Items", 9 F.R. 408 as amended; Maximum Price Regulation No. 336, "Retail Prices for Pork Cuts and Certain Sausage Products," 8 F.R. 2859 as amended; and Maximum Price Regulation No. 355, "Retail Prices for Beef, Veal, Lamb and Mutton Cuts and All Variety Meats and Edible By-Products", 8 F.R. 4423 as amended.

5. On July 12, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound of butter at fifty-six cents per pound to Mrs. J. Howard Barton. This was in excess of the maximum price of fifty-one cents per pound permitted by Philadelphia District Order No. 14 under Revised General Order No. 51 and a violation thereof.

6. On July 22, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound of butter at fifty-six cents per pound to W. Atlee Burpee. This was in excess of the maximum price of fifty-one cents per pound permitted by Philadelphia District Order No. 14 under Revised General Order No. 51 and a violation thereof.

7. On July 27, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound of butter at fifty-six cents per pound to Mrs. Ralph Butler. This was in excess of the maximum price of fifty-one cents per pound permitted by Philadelphia District Order No. 14 under Revised General Order No. 51 and a violation thereof.

8. On July 14, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound of butter at fifty-six cents per pound to Mrs. Daniel Carstairs. This was in excess of the maximum price of fifty-one cents per pound permitted by Philadelphia District Order No. 14 under Revised General Order No. 51 and a violation thereof.

9. On July 5, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound of butter at fifty-six cents per pound to Mrs. Horace Combes. This was in excess of the maximum price of fifty-one cents per pound permitted by Philadelphia District Order No. 14 under Revised General Order No. 51 and a violation thereof.

10. On July 3, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound of butter at fifty-six cents per pound to Mrs. William S. Crowder. This was in excess of the maximum price of fifty-one cents per pound permitted by Philadelphia District Order No. 14 under Revised General Price Order No. 51 and a violation thereof.

11. On July 24, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound of butter at fifty-six cents per pound to Mrs. D. T. Easby. This was in excess of the maximum price of fifty-one cents per pound permitted by Philadelphia District Order No. 14 under Revised General Price Order No. 51 and a violation thereof.

12. On July 15, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound of butter at fifty-six cents per pound to Miss R. D. Ernst. This was in excess of the maximum price of fifty-one cents per pound permitted by Philadelphia District Order

No. 14 under Revised General Order No. 51 and a violation thereof.

13. On July 19, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound of butter at fifty-six cents per pound to Mrs. Charles Keller. This was in excess of the maximum price of fifty-one cents per pound permitted by Philadelphia District Order No. 14 under Revised General Order No. 51 and a violation thereof.

14. On July 29, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound of butter at fifty-six cents per pound to Mrs. J. H. Loucheim. This was in excess of the maximum price of fifty-one cents per pound permitted by Philadelphia District Order No. 14 under Revised General Order No. 51 and a violation thereof.

15. On July 22, 1944 defendant corporation, in the course of its retail business, sold and delivered nine pounds fourteen ounces of Todd Brand Aged Dry Cured Ham at sixty-five cents per pound for $6.42 to Mrs. Robert Kessler. This was in excess of the maximum price of fifty-four cents per pound permitted by Maximum Price Regulation No. 336 and a violation thereof.

16. On July 19, 1944 defendant corporation, in the course of its retail business, sold and delivered ten pounds three ounces of Todd Brand Aged Dry Cured Ham at sixty-five cents per pound for $6.62 to Mrs. Lambert Cadwalader. This was in excess of the maximum price of fifty-four cents per pound permitted by Maximum Price Regulation No. 336 and a violation thereof.

17. On July 11, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound of Todd Brand Aged Dry Cured Sliced Bacon at forty-eight cents per pound to Mrs. F. W. Burge. This was in excess of the maximum price of forty-five cents per pound permitted by Maximum Price Regulation No. 336 and a violation thereof.

18. On July 7, 1944 defendant corporation, in the course of its retail business, sold and delivered two pounds of Todd Brand Aged Dry Cured Sliced Bacon at forty-eight cents per pound to Mrs. Thomas Dolan. This was in excess of the maximum price of forty-five cents per pound permitted by Maximum Price Regulation No. 336 and a violation thereof.

19. On July 26, 1944 defendant corporation, in the course of its retail business, sold and delivered four pounds of Todd Brand Aged Dry Cured Sliced Bacon at forty-eight cents per pound to Mrs. G. Dawson Coleman. This was in excess of the maximum price of forty-five cents per pound permitted by Maximum Price Regulation No. 336 and a violation thereof.

20. On July 19, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound of Todd Brand Aged Dry Cured Sliced Bacon at forty-eight cents per pound to Mrs. R. C. Allen. This was in excess of the maximum price of forty-five cents per pound permitted by Maximum Price Regulation No. 336 and a violation thereof.

21. On July 25, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound Todd Brand Aged Dry Cured Bacon at forty-eight cents per pound to F. C. Durant, Jr. This was in excess of the maximum price of forty-five cents per pound permitted by Maximum Price Regulation No. 336 and a violation thereof.

22. On July 26, 1944 defendant corporation, in the course of its retail business, sold and delivered one-half pound Carson's Brand Dried Beef, Sliced, Bulk, Unpackaged, at ninety-five cents per pound for 48 cents to Mrs. John F. Horstman. This was in excess of the maximum price of eighty-six cents per pound permitted by Maximum Price Regulation No. 355 and a violation thereof.

23. On July 15, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound Carson's Brand Dried Beef, Sliced, Bulk, Unpackaged, at ninety-five cents per pound to Mrs. G. R. Kaiser. This was in excess of the maximum price of eighty-six cents per pound permitted by Maximum Price Regulation No. 355 and a violation thereof.

24. On July 11, 1944 defendant corporation, in the course of its retail business, sold and delivered one pound Carson's Brand Dried Beef, Sliced, Bulk, Unpackaged, at ninety-five cents per pound to Baroness B. Kleist. This was in excess of the maximum price of eighty-six cents per pound permitted by Maximum Price Regulation No. 355 and a violation thereof.

25. The sales described in paragraphs 5 through 24 inclusive were wilful and the

purchases were made by the buyers named therein as consumers, for use and consumption by the buyers and their households and not in the course of any trade or business. These buyers did not institute any action under Section 205(e) of the Emergency Price Control Act of 1942 within thirty days from the date of the purchase or until the date of the filing of this action.

### Discussion.

Defendant corporation operates a retail food store which deals exclusively in fancy groceries and caters to customers who desire and are supplied with a special type of service and a choice selection of merchandise.

In accordance with the authority granted by the Emergency Price Control Act of 1942, the Price Administrator issued a Regulation classifying grocery stores into groups according to their volume of business. On July 31, 1943 the Philadelphia District Office of the Office of Price Administration granted defendant's petition for re-classification to "Group 1" with the right to use the higher mark-ups provided therefor. In addition to store classifications, the Price Administrator issued various regulations which, in effect, established ceiling prices for staple food products with adjustment provisions according to group classifications. Among these Regulations are found: Philadelphia District Order No. 14 which fixes the maximum price of butter in this area at fifty-one cents per pound; Maximum Price Regulation No. 336 which, inter alia, fixes the maximum price for Aged Dry Cured Ham, whole or half, at fifty-four cents per pound, and the maximum price of Aged Dry Cured Bacon at forty-five cents per pound; and Maximum Price Regulation No. 355 which, inter alia, fixes the maximum price of Dried Beef, Sliced, Bulk, Unpackaged, at eighty-six cents per pound.

■ Defendants admit the specific sales with which they are charged and, in addition, admit other food sales in excess of ceiling prices between January 1, 1944 and August 16, 1944. Defendants contend, however, that the Regulations

herein mentioned are invalid in their application to the defendants because they conflict with the basic principles set forth in Section 2(h) of the Act.[1] Defendants contend that they operate a full-service store; that most of the sales are made by sales clerks who assist customers in selecting merchandise and by collecting and wrapping merchandise; that they generally offer to all their customers the service of taking orders by telephone, carrying monthly charge accounts and providing delivery service. They urge specifically, that enforcement of the Regulations against defendants will force defendants to discontinue the special services and selected merchandise which they have heretofore extended to their customers; that, since the regulations will force a change in business practices, they are in violation of Section 2(h) of the authorizing statute. I think there is no merit in this contention. Spaeth v. Brown, Price Adm'r, Em.App., 137 F.2d 669. Section 2(h) of the Act was intended to insure against unnecessary invasions of business management. However, the Administrator, in the exercise of the discretion accorded him by the Act, is permitted to compel those changes in business practices which prevent enforcement of the Act to achieve its purposes. Although enforcement of the Regulations may compel defendants to abandon temporarily the special services that are accorded their customers, such an isolated instance of "hardship" is no argument against the validity of Regulations which are fair to the great majority of food distributors. United States Gypsum Co. v. Brown, Price Adm'r, Em.App., 137 F.2d 803.

■ Without regard to the merits of the contention, it must be pointed out that this Court is without jurisdiction to determine the validity of a price regulation, Lockerty v. Phillips, 319 U.S. 182, 63 S. Ct. 1019, 87 L.Ed. 1339, since the Act specifically reserves determination of such an issue to the Emergency Court of Appeals. Emergency Price Control Act of 1942, Section 204(d), 56 Stat. 33 as amended.

The violations of the applicable Maximum Price Regulations have been wilful

---

[1] Emergency Price Control Act of 1942, Sec. 2(h), 56 Stat. 27, 50 U.S.C.A. Appendix § 902(h): "The powers granted * * * shall not be used or made to operate to compel changes in the business practices, cost practices or methods, or means or aids to distribution, established in any industry, except to prevent circumvention or evasion of any regulation, order, price, schedule, or requirement under this Act."

and continuous over a long period of time and for this reason an injunction should issue. None of the buyers identified in paragraphs 5 through 24 inclusive of the Findings of Fact have instituted actions to recover damages under Section 205(e) of the Act. Therefore, the Administrator, on behalf of the United States, may recover $50 for each violation, or a total sum of $1,000 as provided by the Act.

### Conclusions of Law.

1. This Court has jurisdiction of this action brought by the Administrator of the Office of Price Administration pursuant to Section 205(a) of the Emergency Price Control Act of 1942 as amended, (1) to enjoin violation of Section 4(a) of the Act and of Philadelphia District Order No. 14 issued under Revised General Order No. 51, 9 F.R. 408, as amended, and of Maximum Price Regulation No. 336, 8 F.R. 2859, as amended, and of Maximum Price Regulation No. 355, 8 F.R. 4423, as amended; and, (2) to recover damages therefor under Section 205(e) of the Act.

2. This Court has jurisdiction over the defendants.

3. At various times from January 1, 1944 to August 16, 1944 the defendants have engaged in acts and practices which constitute violations of Section 4(a) of the Emergency Price Control Act of 1942 as amended, by selling and delivering butter, ham, bacon and dried beef at prices in excess of maximum prices fixed by the Office of Price Administration.

4. An injunction should issue enjoining the defendants, their agents, employees, servants, officers, directors and all persons in active concert or participation with any of them, jointly and severally from:

(a) Directly or indirectly, selling, delivering, or offering for sale or delivery any butter, dried beef, bacon, ham, or other foods at prices in excess of the maximum prices established by Philadelphia District Office Order No. 14 issued under Revised General Order No. 51, 9 F.R. 408, as amended, by Maximum Price Regulation No. 336, 8 F.R. 2859, as amended, by Maximum Price Regulation No. 355, 8 F.R. 4423, as amended, or by any other Regulation or Order issued by the Office of Price Administration establishing maximum prices for foods sold at retail; and

(b) Doing or omitting to do any other act in violation of the Philadelphia District Office Order No. 14 issued under Revised General Order No. 51, Maximum Price Regulation No. 355 and Maximum Price Regulation No. 336, or any other Regulation or Order issued by the Office of Price Administration establishing maximum prices for foods sold at retail; and

(c) Offering, soliciting, attempting or agreeing to do any of the foregoing.

5. Plaintiff, on behalf of the United States, is entitled to recover $50 for each violation, or the total sum of $1,000; and judgment may be entered in that amount against the defendants.