**COOPER et al. v. ANDERSON et al.**

No. 9295.

United States Court of Appeals
District of Columbia.

Argued June 13, 1946.

Decided June 20, 1946.

Mr. O. R. McGuire, of Washington, D. C., for appellants.

Mr. Albert M. Dreyer, of Washington, D. C., Attorney, Office of Price Administration, with whom Mr. Richard H. Field, of Washington, D. C., General Counsel, Office of Price Administration, was on the brief, for appellee Porter.

Mr. Tom C. Clark, Atty. Gen., and Mr. Edward M. Curran, U. S. Atty., both of Washington, D. C., were on the brief for appellees. Mr. Gordon L. Eakle of the Department of Justice, of Washington, D. C., entered an appearance for appellees.

Before CLARK, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PER CURIAM.

This is an appeal from the dismissal by the District Court of a complaint for injunction and declaratory judgment. Appellants brought this action to have declared invalid, and to enjoin enforcement of a regulation [1] issued by the Price Administrator under section 2(d) of the Emergency Price Control Act of 1942, as amended. [2]

The government moved to dismiss the complaint on the grounds that (a) the District Court lacked jurisdiction over the subject matter, and (b) the complaint failed to state a claim upon which relief could be granted. The motion was granted on the jurisdictional point. We think this correct. Section 204(d) [3] of the Emergency Price Control Act of 1942 provides in unequivocal terms that: "no court,

---

[1] The regulation was issued April 3, 1946, to become effective on April 9, 1946. It was signed by "James G. Rogers, Jr., Acting Administrator", and approved by Clinton P. Anderson, Secretary of Agriculture. The regulation bore the descriptive title, "Minimum Initial Margin Requirements For Trading of Cotton Futures Contracts".

[2] Act of January 30, 1942, c. 26, Title I, § 2, 56 Stat. 23, as amended July 16, 1943, c. 241, § 5(a), 57 Stat. 566; June 30, 1944, c. 325, Title I, § 102, 58 Stat. 632, 50 U. S.C.A.Appendix, § 902.

[3] 50 U.S.C.A.Appendix, § 924(d).

Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."

By this section "exclusive jurisdiction to determine the validity of any regulation or order issued under section 2" is conferred on the Emergency Court of Appeals, created in accordance with the provisions of section 204(c).

An examination of appellant's prayer for relief dispels any doubt as to the applicability of the section 204(d) quoted above. In their complaint appellants ask the court to:

"1. Enter an order enjoining and restraining the defendants and each of them pendente lite from attempting to enforce said order of April 3, 1946.

2. Upon hearing of the case, enter a declaratory judgment declaring said order of April 3, 1946, to be null and void.

3. After final hearing, enter an order enjoining the defendants and each of them from enforcing or attempting to enforce said order dated April 3, 1946, against the plaintiffs or against any Cotton Exchange on which any of the plaintiffs may seek to make purchases or sales of cotton for future deliveries."

In our view, it makes no difference that appellants now argue that the Secretary of Agriculture, the Price Administrator and the Director of Economic Stabilization conspired to avoid the standards established by Congress for the promulgation of orders affecting agricultural commodities.[4] The fact remains that the order was obviously issued under the Price Control Act, and an attack upon it cannot be entertained by other than the specified tribunal.[5]

Appellants' argument that they cannot get adequate, proper, or expeditious relief except in the manner attempted, is, in our view, without merit. We think the objection that only the Price Administrator would be susceptible to a suit in the Emergency Court of Appeals is a fiction. Where, as here, the law establishes certain standards and requires mutual approval before a regulation can be issued, it seems apparent that all participating officials are amenable to the processes of the Emergency Court when the regulation is challenged before it. In any event a determination by that court would be binding upon all officials concerned.

Affirmed.

---

[4] It is to be noted that the "conspiracy" charge does appear in the complaint.

[5] We observe that the constitutionality of section 204(d) has been sustained in the Supreme Court. Lockerty v. Phillips, 319 U.S. 182, 188, 189, 63 S.Ct. 1019, 87 L.Ed. 1339; Yakus v. United States, 321 U.S. 414, 427–429, 64 S.Ct. 660, 88 L.Ed. 834.