EPSTEIN v. WALSH.
Civ. No. 8328.

District Court, E. D. New York.
April 2, 1948.

Goldfeld & Charak, of New York City (George Charak, of New York City; of counsel), for plaintiff.

Francis J. Hughes, of Brooklyn, N. Y., for defendant.

GALSTON, District Judge.

On October 24, 1945, the parties to this action entered into an agreement whereby the defendant, as landlord, leased to the plaintiff, as tenant, the entire premises and garage at 235 Beach 127th Street, Rockaway Park, Queens, New York, furnished, for one year from November 1, 1945, for the sum of $1750, payable in monthly installments.

Though it was no part of the lease the plaintiff claims that in order to procure the premises he agreed with the defendant to lease to Louis Durso, the son-in-law of the defendant, the apartment on the first floor of this premises, and also the one

car garage, for the same rental period, at the annual rent of $550.

The result of the two leases was that the plaintiff paid the defendant a net rental of $1200, in equal monthly instalments. The plaintiff occupied the premises of the second floor apartment from November 1, 1945, to November 30, 1946.

On or about December 5, 1946, after vacating the premises, the plaintiff filed a complaint with the Office of Rent Control and sought an order fixing the maximum rent for the apartment which he had occupied. On May 28, 1947, the Rent Director fixed the maximum rent for said apartment at $72.50, effective from November 1, 1945, the date of the first renting; but on November 5, 1947, the Regional Rent Administrator, on the application for review of the landlord, Michael Walsh, the defendant herein, determined that the order of the Rent Director be corrected by deleting from the order of May 28, 1947, the following provision: "The maximum rent fixed by this order is effective from November 1, 1945, the date of the first renting."

Plaintiff instituted this action on June 30, 1947, alleging that it arose under the Emergency Price Control Act of 1942, as amended, and pursuant to Sec. 205(e), 50 U.S.C.A.Appendix, §§ 901 et seq., 925(e).

■ The basic infirmity of the plaintiff's cause of action is that there was no appeal by the plaintiff from the order of the Regional Rent Administrator, dated November 5, 1947, establishing the maximum rent as of June 30, 1947. The plaintiff began this action at a time when there was pending before the Regional Rent Administrator the petition of the defendant duly filed on June 11, 1947, within the statutory period from the entry of the order of May 28, 1947. Thus the plaintiff sought in effect to foreclose the defendant from his right of appeal to the Administrator. The plaintiff knew that under the Emer-

gency Price Control Act the defendant was entitled to a review of the order of May 28, 1947; Emergency Price Control Act, Title 50 U.S.C.A.Appendix, § 923(a). So the situation is that the complaint which is based on an alleged violation of the maximum monthly rental permitted to be charged for the use of the apartment which he occupied, fails because the proof discloses that at no time covered by the period of plaintiff's occupancy of the premises in question was there an effective maximum rent which limited the defendant to a monthly rental of $72.50. On the contrary, the proof does establish that the rent which was established by the Regional Rent Administrator was effective not earlier than June 30, 1947, at which time plaintiff's lease had long since expired. Indeed that order of the Regional Rent Administrator, dated November 5, 1947, became final sixty days thereafter, since no appeal therefrom was taken by the plaintiff, U.S.C.A. Title 50 Appendix, § 923(a); see Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Yakus v. United States, 321 U.S. 414, 64 S. Ct. 660, 88 L.Ed. 834; and Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339.

■ Finally it may be observed that Woods, Housing Expediter, v. Stone, 68 S.Ct. 624, recently decided by the Supreme Court, on which the plaintiff relies, far from sustaining the plaintiff in contending that the November 5, 1947, order of the Regional Rent Administrator was retroactive, must be considered as holding quite the contrary. Mr. Justice Jackson, for the court, observes that any challenge to the validity of the relevant regulations and of the refund order, either on the ground of retroactivity or otherwise, would have to go to the Emergency Court of Appeals.

The complaint will be dismissed. Appropriate findings of fact and conclusions of law will presently be filed.