Marcos Ruiz Irízarry, Petitioner, v. District Court of Ponce, Hon. Lorenzo Lagarde Garcés, Judge, Respondent.

No. 1849.   Argued May 5, 1950.—Decided May 11, 1950.

Carlos E. Colón for petitioner.

Mr. Justice Marrero delivered the opinion of the Court.

Marcos Ruiz Irizarry was charged in the District Court of Ponce with a violation of §10 (a) of Act No. 228 of May 12, 1942 (Sess. Laws, p. 1268), in connection with Administrative Order No. 196 of October 21, 1949, issued by the General Supplies Administrator, because on February 7, 1950, while he was owner of a grocery store in Guayanilla, he sold to Antonio Irizarry Irizarry a pound of raw coffee at 51 cents despite the fact that the maximum retail price per pound authorized by the General Supplies Administrator was 36 cents. The defendant filed demurrers for lack of facts sufficient to constitute a public offense and for lack of

jurisdiction of the court to entertain the case. He main-tained that the Administrator had no legal authority to promulgate said Administrative Order; that coffee is not a staple commodity and that, this being so, it is not covered by the provisions of Act No. 228; that before promulgating the aforesaid order the Administrator failed to seek the advice of entities dealing with the coffee industry, or to consult them; that the order was not published during three consecutive days in a newspaper of general circulation; and that the court could not take judicial notice of said administrative order.

After a day was set to discuss the questions of law thus raised, the district attorney moved for a continuance of the hearing in order to study more fully the questions involved. Subsequently, he acquiesced to the demurrers, as he considered, among other things, that the order of the Administrator on which the complaint was based, was not supported by the conclusion that coffee prices have risen or threaten to rise.[1] The defendant again moved for a setting of a day to argue the demurrers, which the lower court granted, and on the day set it rendered a lengthy oral order in which it finally stated that notwithstanding the acquiescence of the district attorney, it overruled the demurrers because it lacked jurisdiction to entertain and decide them, pursuant to the provisions of § 11 and 12 of Act No. 228 of 1942. Reconsideration of this order was sought by the defendant and it was flatly denied. To review the order of the lower court overruling the demurrers, the defendant requests us to issue the writ of certiorari.

■■ A broad analysis of Act No. 228, *supra*, shows us that § 3 (*a*), as amended by Act No. 493 of 1946 (p. 1474), provides that "Whenever in the judgment of the Administra-

---

[1] In the first paragraph of Administrative Order No. 196 the General Supplies Administrator states that "The world coffee market has considerably increased and recently has continued to increase due to the scarcity and limited production of this article in the countries where coffee is grown."

tor the price or prices of staple commodities. . . have risen or threaten to rise . . . said Administrator may, by regulations or orders, establish such maximum prices... as in his judgment are generally fair and equitable and will effectuate the purposes of this Act"; § 10 (a) that "the sale or delivery by any person of any staple commodity, . . . in violation of any regulation or order issued hereunder . . . shall be illegal"; § 11 (a) that "Within the ten (10) days following the promulgation of any regulation or order, or of any price-schedule, any person directly subject to the provisions of such regulation or order, or of such price-schedule, may, in accordance with regulations prescribed by the Administrator, file an application for reconsideration setting forth his objections to any such provisions, . . . "; and that "Any person subject to the provisions of any regulation or order, or of any price-schedule, may file such application for reconsideration at any time after the expiration of the said ten (10) days, based solely on grounds originating subsequent to the expiration of the said ten (10) days", and § 12, subdivision (a) that "Any person aggrieved by the dismissal, in whole or in part, of his application for reconsideration may, within the ten (10) days following the entry of notice of such dismissal, file a petition with the Supplies Appeal Court . . . "; that *The Court shall have exclusive jurisdiction*, upon the filing of such petition, *to revoke such regulation, order, or price-schedule, in whole or in part, or to dismiss the petition, or to remand the proceedings; . . . .*"; subdivision (b) that "The effectiveness of a judgment of the Court revoking in whole or in part any regulation, order or price-schedule shall be postponed until the expiration of thirty (30) days from the entry thereof, unless a petition for a writ of certiorari is filed with the Supreme Court of Puerto Rico within such thirty (30) days"; subdivision (c) " . . . a Supplies Appeal Court is hereby created which shall be composed of a judge appointed by the Governor of Puerto Rico from among the judges of the District Court of San Juan";

and subdivision (*d*) *"The Supplies Appeal Court, and the Supreme Court of Puerto Rico, when reviewing judgments and orders of the General Supplies Administrator, shall have exclusive jurisdiction to determine the validity of any regulation or order, or any price-schedule, and of any provision of such regulation or order, or price-schedule"*, and that *"Except as provided in this Section, no court shall have jurisdiction or power to consider the validity of any regulation or order, or any price-schedule, or to suspend, restrain, or prevent by 'injunction', or revoke or annul in whole or in part, any provision of this Act authorizing the promulgation of such regulations or orders, or to prevent the effectiveness of a price-schedule or of any provision of any such regulations or orders or price-schedules, or to issue a writ of injunction to restrain the effectiveness and application of any such provision."* (Italics ours.)

As we stated in *South P. R. Sugar* v. *Supplies Appeal Court, etc.,* 70 P.R.R. 597, 605 [2] "The Sections of Act No. 228, . . . . were copied almost verbatim from the Federal Emergency Price Control Act of 1942." 50 U.S.C.A. App., pp. 313 *et seq.*

Construing §§ 203 and 204 of the foregoing Federal Emergency Act (50 U.S.C.A. App. 363, 367, §§ 923 and 924) the National Supreme Court expressed itself as follows in *Yakus* v. *United States,* 321 U.S. 414, 429:

". . . The provisions of § 204(*d*), conferring upon the Emergency Court of Appeals and this Court 'exclusive jurisdiction to determine the validity of any regulation or order,' coupled with the provision that 'no court, Federal, State or Territorial, shall have jurisdiction or power to consider the validity of any such regulation,' are broad enough in terms to deprive the district court of power to consider the validity of the Administrator's regulation or order as a defense to a criminal prosecution for its violation . . . ."

[2] An examination of this case shows that petitioners therein followed the administrative procedure prescribed by the Act.

After referring once more to the above-mentioned Section, said Court stated that this clearly indicated that the validity of the regulations or administrative orders should not be subject to attack in criminal prosecutions for their violation, at least before their invalidity had been adjudicated by recourse to the protest procedure prescribed by the statute.

The provisions of § 12 (*d*) in conferring *exclusive jurisdiction* on the Supplies Appeal Court and on this Supreme Court to review the rules or orders of the General Supplies Administrator, plainly indicate that the rules, orders or price-schedules issued by the Administrator may be only attacked by the persons directly subject to its provisions under the specific and conclusive procedure prescribed by §§ 11 and 12, *supra*, and that said rules, orders or price-schedules can not be attacked in an injunction within a criminal proceeding or in any other manner.

In view of the foregoing considerations, we reach the conclusion that inasmuch as the Act fails to authorize that the validity of the orders of the General Supplies Administrator be subject to attack in criminal actions as sought by the petitioner herein, certiorari should be denied.[3]

---

[3] The constitutionality of provisions similar to the one involved herein was upheld by the United States Supreme Court in *Lockerty* v. *Phillips,* 319 U.S. 182 and *Yakus* v. *United States, supra.*