**UMC INDUSTRIES, INC., a Delaware corporation, and Hal R. Spragg, Plaintiffs-Appellants,**

**v.**

**Glen T. SEABORG, Commissioner of the Atomic Energy Commission, Edward J. Brenner, Commissioner of Patents, and the United States of America, Defendants-Appellees.**

**No. 24125.**

United States Court of Appeals, Ninth Circuit.

March 24, 1971.

Drummond, Cahill & Phillips, Phoenix, Ariz., for plaintiffs-appellants.

Robert E. Kopp, Dept. of Justice (appeared), L. Patrick Gray, Asst. Atty. Gen., Washington, D. C., Richard K. Burke, U. S. Atty., Phoenix, Ariz., for defendants-appellees.

Before KOELSCH, BROWNING, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

We adopt the following portions of the district court's opinion.

"On June 28, 1960, plaintiff, UMC, and the Atomic Energy Commission (hereinafter called Commission) executed a contract whereby the Commission agreed to furnish $50,000 to UMC for research on an invention relating to the treatment of municipal and industrial wastes with nuclear radiation. Plaintiff, Spragg, a research chemist employed by UMC, conducted the research program called for in the contract.

In June, 1964, plaintiffs filed a patent application covering the invention that is the basis for the present dispute. Under 42 U.S.C. § 2182:

Any invention or discovery, useful in the production or utilization of special nuclear material or atomic energy, made or conceived in the course of or under any contract, subcontract, or arrangement entered into with or for the benefit of the Commission * * * shall be vested in, and be the property of, the Commission * * *.'

The Patent Office determined that the patent sought by plaintiffs might belong to the Commission. Pursuant to 42 U.S.C. § 2182, the Patent Office called upon plaintiffs to submit an affidavit setting forth the facts surrounding the making or conception of the invention described in the application. Plaintiffs submitted such an affidavit on August 26, 1966. The Patent Office then forwarded the patent application and the affidavit to the Commission.

Under 42 U.S.C. § 2182:

'The Commissioner of Patents may proceed with the application and issue the patent to the applicant . . . unless the Commission * * * directs the Commissioner of Patents to issue the patent to the Commission * * * to be held by the Commission as the agent of and on behalf of the United States.'

On December 23, 1966, the Commission directed the Commissioner of Patents to issue the patent to the Commission.

Plaintiffs seek to have this Court determine whether the Commission was entitled to direct the Commissioner of Patents to issue the patent to the Commission, asserting that this directive constituted final agency action subject to review in this Court under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. This assertion must be viewed in light of 42 U.S.C. § 2182, which provides:

'If the Commission files such a directive with the Commissioner of Patents, and if the applicant's statement claims, and the applicant still believes, that the invention or discovery was not made or conceived in the course of or under any contract, subcontract, or arrangement entered into with or for the benefit of the Commission entitling the Commission to the title to the application or the patent the applicant may * * * request a hearing before a Board of Patent Interferences. The Board shall have the power to hear and determine whether the Commission was entitled to the directive filed with the Commissioner of Patents. The Board shall follow the rules and procedures established for interference cases and an appeal

may be taken by either the applicant or the Commission from the final order of the Board to the Court of Customs and Patent Appeals in accordance with the procedures governing the appeals from the Board of Patent Interferences.'

Thus, Congress has provided an administrative procedure before a Board of Patent Interferences through which a dissatisfied patent applicant can contest the entitlement of the Commission to the directive filed with the Commissioner of Patents. \* \* \*

■ 42 U.S.C. § 2182 provides that either the patent applicant or the Commission may appeal the decision of the Board of Patent Interferences to the Court of Customs and Patent Appeals. It is well settled that if Congress, as here, specifically designates a forum for judicial review of administrative action, that forum is exclusive, and this result does not depend upon the use of the word 'exclusive' in the statute providing for a forum for judicial review. See Whitney National Bank v. Bank of New Orleans & Trust Co., 379 U.S. 411, [85 S.Ct. 551, 13 L.Ed.2d 386] (1965); Gardner v. [State of Ala. For and in Behalf of] Department of Pensions & Security, 385 F.2d 804 (5th Cir. 1967).

In addition, a review of the statute governing judicial review of decisions of the Board of Patent Interferences in a regular patent case indicates that the language in 42 U.S.C. § 2182 limiting review to the Court of Customs and Patent Appeals was intended to establish an exclusive forum for review of Board decisions made pursuant to that section. Under 35 U.S.C. §§ 141, 146, a dissatisfied patent applicant may seek review of a Board decision either in the Court of Customs and Patent Appeals or by *de novo* review in the district court. *See* Tibbetts Industries, Inc. v. Knowles Electronics, Inc., 386 F.2d 209 (7th Cir. 1967); Phillips Petroleum Company v. Bren-

ner, [127 U.S.App.D.C. 319] 383 F.2d 514 (1967). If Congress had intended to permit the district courts to review decisions of the Board of Patent Interferences made pursuant to 42 U.S.C. § 2182, it need only have authorized appeals in accordance with the procedures governing appeals from the Board of Patent Interferences. Instead, Congress authorized appeals only 'to the Court of Customs and Patent Appeals in accordance with the procedures governing the appeals from the Board of Patent Interferences.' "

■ For the reasons stated, the district court held that decisions of the Board of Patent Interferences made pursuant to 42 U.S.C. § 2182 are reviewable only in the Court of Customs and Patent Appeals and not in the district courts. We agree.

■ In a portion of the district court's opinion we have omitted, the court reserved the question whether a dissatisfied patent applicant might obtain review of the directive of the Commissioner of the Atomic Energy Commission (as distinguished from the decision of the Board of Patent Interferences) by suit in the district court under the Administrative Procedures Act. We are satisfied, however, that 42 U.S.C. § 2182 establishes a single, integrated, and exclusive review procedure consisting of a hearing before the Board of Patent Interferences and an appeal to the Court of Customs and Patent Appeals; and in this respect is clearly distinguishable from the statutory scheme considered in Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

In addition to the factors mentioned by the district court, we note that Congress rejected a proposal for *de novo* review in the District Court for the District of Columbia. Selected Materials on Atomic Energy Patents, Vol. I, pp. 16–18, March 1959, Joint Committee Print, 86th Cong., 1st Sess.

Affirmed.