639 F.2d 507
 Frederick PAUL, Appellant,
v.
Cecil ANDRUS, Secretary of Interior; W. Michael Blumenthal,
Secretary of Treasury; Benjamin R. Civiletti,*
Attorney General; Arctic Slope Native Association; Atkasook
Community; Anaktuvuk Pass Community; Barrow Community;
Barter Island Community; Nooiksut Community; Point Lay
Community; Wainwright Community; Aleut Corporation; Arctic
Slope Regional Corporation; Calista Corporation; Bering
Straits Native Association; Bristol Bay Native Corporation;
Cook Inlet Region; Chugach Native, Inc.; Ahtna Incorporated;
Koniag Incorporated; Nana Regional Corporation, Inc.; Doyon
Ltd.; Sealaska Corporation, Appellees.
 No. 77-3373.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 6, 1980.
Decided Oct. 6, 1980.
 
 Blair F. Paul, Paul, Johnson, Paul & Riley, Seattle, Wash., for appellant.
 Arthur Lazarus, Jr., Fried, Frank, Harris, Shriver & Kampelman, Washington, D. C., on brief; Edward Weinberg, Duncan, Brown, Weinberg & Palmer, Nancy Firestone, Washington, D. C., Charles A. Goldmark, Wickwire, Lewis, Goldmark, Dystel & Schorr, Seattle, Wash., LeRoy W. Wilder, Portland, Or., argued, for appellees.
 On Appeal from the United States District Court for the Western District of Washington.
 Before WRIGHT and SKOPIL, Circuit Judges, and CURTIS, District Judge.**
 SKOPIL, Circuit Judge:
 
 
 1
 Seeking an additional attorney's fee[1] from Alaska native organizations, plaintiff challenges the constitutionality of 25 U.S.C. § 81 and 43 U.S.C. § 1609. He also asks for money he alleges is due him under retainer agreements.
 
 
 2
 The district court held that the action was barred by 43 U.S.C. § 1609(a),[2] which places time, venue, and party restrictions on actions challenging the constitutionality of the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601, et seq. ("ANCSA"). The court concluded that although the party restriction, limiting challenges to those filed by an authorized official of the State of Alaska, was "of doubtful constitutionality," the time and venue provisions independently disallowed the action. We affirm.
 
 Issues
 
 3
 We discuss two issues: (1) Did the district court correctly interpret 43 U.S.C. § 1609(a) to apply to this action; and (2) did the court correctly conclude that the time and venue requirements of 43 U.S.C. § 1609(a) could be applied independently from the party restriction?
 
 Discussion
 
 4
 Plaintiff urges us to adopt a narrow interpretation of 43 U.S.C. § 1609(a). He suggests that applying the party restriction to all civil actions would raise serious constitutional questions, as the district court hinted. We may avoid these questions, he contends, by limiting the application of section 1609(a) to a narrow category of actions in which the State is vitally concerned, not including the action involved here.
 
 
 5
 Plaintiff's suggestion conflicts directly with the words of section 1609. That section expressly applies to "any civil action". We are not free to ignore such a clear command. See Caminetti v. U. S., 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). His interpretation would leave ANCSA open to challenge for an indefinite period. This would be inconsistent with ANCSA's policy that the Alaska claims settlement "be accomplished rapidly, (and) with certainty. 43 U.S.C. § 1601(b). Plaintiff's position is also inconsistent with the legislative history of ANCSA. Section 18(g)(2) of the Senate amendments to H.R. 10367 would have imposed time and venue limitations on a narrow category of actions by the State. However, that provision was not enacted. The current provision, applying to "any civil action" was adopted by the conference committee. S.Conf.Rept.No.92581, 92d Cong. 1st Sess., 10-11 (1971). Further, the absence of any other limitations provision leads us to conclude that Congress intended section 1609(a) to apply as broadly as its words imply. Plaintiff's action falls within its terms.
 
 
 6
 The further question is whether the district court erred in applying the time and venue provisions to plaintiff's complaint, or whether the dubious constitutionality of the party limitation of section 1609(a) vitiates that section entirely.
 
 
 7
 Special venue and time limitations, if rational, are within Congress's power to impose. See, e. g., Lockerty v. Phillips, 319 U.S. 182, 188-89, 63 S.Ct. 1019, 1022-23, 87 L.Ed. 1339 (1943); UMC Industries, Inc. v. Seaborg, 439 F.2d 953, 955 (9th Cir. 1971) (venue); Yakus v. U. S., 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944) (60-day time limitation). ANCSA is a unique enactment, both in its complex relationship to the people and lands of Alaska, and its importance to the State. There is nothing irrational about requiring challenges to its legality to be initiated in the District of Alaska, where the Act has its most immediate impact. Similarly, Congress's concern that ANCSA's legality be determined quickly and with certainty was consistent with the needs of the entire Act. The one-year limitations period is not irrational.
 
 
 8
 Section 27 of ANCSA contained a severability clause:
 
 
 9
 "If any provision of this Act or the application thereof is held invalid the remainder of this Act shall not be affected thereby."
 
 
 10
 P.L. 92-203, 85 Stat. 688, 716. It is our duty, where possible, to give effect to such a clause. Moore v. Fowinkle, 512 F.2d 629, 632 (6th Cir. 1975).
 
 
 11
 There is no necessary connection between the venue and time limitations and section 1609(a)'s party limitation. Logically, those provisions could stand independently. Plaintiff has made no showing to the contrary. In these circumstances, we see no reason why the party limitation cannot be severed from the venue and time limitations. See Buckley v. Valeo, 424 U.S. 1, 108-09, 96 S.Ct. 612, 677, 46 L.Ed.2d 659 (1976); United States v. Hicks, 625 F.2d 216, 221 & n. 10 (9th Cir. 1980). See also Lockerty v. Phillips, supra, 319 U.S. at 189, 63 S.Ct. at 1023.
 
 
 12
 Plaintiff filed his complaint on June 9, 1976, nearly three and one-half years after the close of section 1609(a)'s limitations period. He did not file the complaint in the District of Alaska. We therefore conclude that his complaint was properly dismissed.
 
 
 13
 The judgment is affirmed.
 
 
 
 *
 The substitution of Attorney General Benjamin R. Civiletti for former Attorney General Griffin Bell is effected by Rule 43(c) of the Federal Rules of Appellate Procedure
 
 
 **
 The Honorable Jesse W. Curtis, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 Pursuant to 43 U.S.C. § 1619, plaintiff and his associates were awarded attorneys' fees of some $697,000, of which $276,000 was awarded to plaintiff alone
 
 
 [2]
 43 U.S.C. § 1609(a) provides:
 "(A)ny civil action to contest the authority of the United States to legislate on the subject matter or the legality of this chapter shall be barred unless the complaint is filed within one year of December 18, 1971, and no such action shall be entertained unless it is commenced by a duly authorized official of the State. Exclusive jurisdiction over such action is hereby vested in the United States District Court for the District of Alaska."