**William F. CAMPBELL, Plaintiff,**

v.

**CANADIAN NATIONAL RAILWAY, Defendant.**

**Civ. No. 87–0179–P.**

United States District Court, D. Maine.

April 28, 1988.

Robert T. Naumes, Malone & Naumes, Boston, Mass., John E. Harrington Jr., John Evans Harrington, Winterport, Me., for plaintiff.

John H. Montgomery, Jensen, Baird, Gardner & Henry, Portland, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

GENE CARTER, District Judge.

As a result of injuries he suffered while working on the railroad in Yarmouth, Maine, Plaintiff brought this action under

---

**2.** "For people in Bivens' shoes, it is damages or nothing." *Bivens,* 403 U.S. at 410, 91 S.Ct. at 2012 (Harlan, J., concurring).

the Federal Employers' Liability Act (hereinafter "FELA"), 45 U.S.C. § 51 *et seq.*, against his employer, Canadian National Railway (hereinafter "CNR"). Plaintiff's Complaint contains a demand for a jury trial. Defendant has moved to strike Plaintiff's jury demand, arguing that pursuant to the Foreign Sovereign Immunities Act (hereinafter "FSIA"), 28 U.S.C. §§ 1602–1611, and 28 U.S.C. § 1330, Plaintiff does not have the right to a jury trial.

■ Plaintiff does not dispute that this Court obtains jurisdiction pursuant to 28 U.S.C. § 1330(a). *See Ruggiero v. Compania Peruana de Vapores*, 639 F.2d 872, 875–76 (2d Cir.1981). Section 1330 provides:

> (a) The district courts shall have original jurisdiction without regard to amount in controversy of any *nonjury* civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief *in personam* with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

28 U.S.C. § 1330 (emphasis supplied). The question next becomes whether Defendant falls within the definition of a "foreign state" as set forth in section 1603(a) of the FSIA.[1]

The FSIA's definition of a foreign state includes "an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a).

> An 'agency or instrumentality of a foreign state' means any entity—
>
> (1) which is a separate legal person, corporate or otherwise, and
>
> (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
>
> (3) which is neither a citizen of a state of the United States as defined in section

1332(c) and (d) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b).

In support of its motion, Defendant has filed the affidavit of Howard Pye, Q.C., CNR's vice-president and secretary. According to Mr. Pye, CNR is incorporated under Canadian law, and operated by the Canadian government. All of its capital stock is owned by the Queen. Plaintiff does not dispute Mr. Pye's affidavit. It is also agreed that CNR is not a citizen of the United States. Therefore, CNR fits the definition of a foreign state under the FSIA, and Plaintiff is entitled only to a nonjury trial.

The Court's holding is buttressed by the recent Second Circuit decision in *Bailey v. Grand Trunk Lines New England*, 805 F.2d 1097 (2d Cir.1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 94, 98 L.Ed.2d 94 (1987). In *Bailey*, an employee of CNR was killed while operating a track brush cutter. *Id.* at 1099–1100. His wife, as administratrix of his estate, brought suit against CNR under FELA and requested a jury trial. *Id.* at 1100. The circuit court upheld the district court's decision to strike the plaintiff's jury demand. *Id.* at 1101. In reaching its conclusion, the Second Circuit found that CNR was entitled to the protections afforded by the FSIA. *Id.* Further, the court found that "the FSIA displaces certain rights which otherwise inhere in a plaintiff's statutory or common law cause of action. More specifically, we expressly have held that the FSIA strips a plaintiff of an otherwise valid entitlement to a jury trial." *Id.* (citing *Ruggiero*, 639 F.2d at 875–78) (footnote omitted). The court concluded that the FSIA's prohibition of jury trials does not offend a plaintiff's seventh amendment rights, since suits against foreign sovereigns were not permitted at common law and thus no right to a jury in such cases ever attached. *Id.*

Plaintiff urges this Court to adopt the position articulated in Judge Van Graafeiland's dissent in *Bailey*. In short, Judge Van Graafeiland argues that Congress intended all railroad carriers to be subject to

---

1. Defendant does not claim that it is entitled to immunity under sections 1605–07 of this title.

uniform regulation, notwithstanding their nation of origin, and all railroads should similarly be subject to the full remedies available to injured employees under FELA. *Id.* at 1105–06. A "jury trial 'is part and parcel of the remedy afforded railroad workers under the Employers' Liability Act,'" and Congress would have specifically withdrawn the employees' right to a jury trial if it had intended to do so. *Id.* at 1106–07 (quoting *Schulz v. Pennsylvania Railroad,* 350 U.S. 523, 524, 76 S.Ct. 608, 609, 100 L.Ed. 668 (1956).

This Court is convinced that the stronger argument is found in *Bailey's* majority opinion. The district court simply does not have the jurisdictional authority to conduct jury trials in which the defendant is a foreign agency or instrumentality. Every appellate court that has considered the issue has determined that section 1330(a) is the sole source of federal jurisdiction in suits against corporations owned by foreign states. *See Arango v. Guzman Travel Advisors,* 761 F.2d 1527, 1532 (11th Cir.), *cert. denied, Arango v. Compania Dominicana de Aviacion,* 474 U.S. 995, 106 S.Ct. 408, 88 L.Ed.2d 359 (1985), and cases cited therein. *See also* Annotation, *Effect of FSIA on Right to Jury Trial in Action Against Foreign State,* 56 A.L.R.Fed. 679 (1982). Congress—and not the courts—can establish the jurisdiction of an Article III court. *Lockerty v. Phillips,* 319 U.S. 182, 187, 63 S.Ct. 1019, 1022, 87 L.Ed. 1339 (1943). In section 1303, Congress expressly limited federal courts' jurisdiction in cases against foreign agencies and instrumentalities to include only nonjury trials.[2] Thus, even assuming that Judge Van Graafeiland's argument is correct and that Congress intended FELA to provide injured employees with the right to demand a jury trial against any railroad carrier,[3] Congress did not provide federal courts with the jurisdictional authority to preside over such jury trials. In such circumstances, the federal courts' jurisdiction is limited exclusively to nonjury trials. This Court cannot

disregard or seek to evade the clear limitations which Congress has imposed upon its jurisdiction. *Owen Equipment & Erection v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2402–03, 57 L.Ed.2d 274 (1978).

 Where plaintiff has made a jury demand, but defendant is a foreign agency or instrumentality as defined in section 1603, the Court should strike the jury demand. *Houston v. Murmansk Shipping Co.,* 667 F.2d 1151, 1154 (4th Cir.1982).

Accordingly, Defendant's motion is GRANTED, and Plaintiff's jury demand is hereby STRICKEN.

So ORDERED.

---

**2.** Plaintiff does not raise any due process or constitutional challenge to section 1330.

**3.** It should be noted that Congress did not expressly confer a right to a jury trial under FELA. *Bailey,* 805 F.2d at 1101 n. 3.