### ERBEN v. YARDLEY.

(Court of Appeals of District of Columbia. Submitted May 12, 1920. Decided June 2, 1920.)

No. 1313.

1. Patents ⇐90(5)—First to conceive and reduce to practice entitled to priority.

The mere fact that one was the first to conceive and first to reduce to practice is sufficient ground on which to base award of priority.

2. Patents ⇐106(2)—That third person is prior inventor immaterial in interference proceeding.

In an interference proceeding in the Patent Office, the losing party has no standing to contend that a third person really is the prior inventor.

Appeal from the Commissioner of Patents.

Interference proceeding between Hermann F. T. Erben and John L. Mok Yardley. From a decision awarding priority to the latter, the former appeals. Affirmed.

A. G. Davis, of Schenectady, N. Y., and Melville Church, of Washington, D. C., for appellant.

W. G. Carr, of East Pittsburgh, Pa., for appellee.

ROBB, Associate Justice. Appeal from a Patent Office decision in an interference proceeding awarding priority to the senior party, Yard-

ley. The invention relates to synchronous booster rotary converters, and is expressed in two counts, which need not be reproduced here.

[1] The Board of Examiners in Chief and the Assistant Commissioner, after a careful analysis of the testimony, reached the conclusion that Yardley was the first to conceive and first to reduce to practice, and we are in accord with those findings. Counsel for appellant contend here, as below, that the mere fact that Yardley was the first to conceive and first to reduce to practice is not sufficient ground upon which to base an award of priority to him. The Assistant Commissioner directed attention in his opinion to the fact that such has been the rule in the Patent Office since 1872, and that the rule has received the approval of this court in Hubbard v. Berg, 40 App. D. C. 577, and Thompson v. Storrie, 46 App. D. C. 324. We can find no sufficient reason for the overturn of this long-established rule and the decisions of this court approving it.

In the Patent Office each party, as frequently happens, urged the nonpatentability of the issue to the other party; Erben contending that the French patent to Siemens-Schuckert, dated January 20, 1913, anticipates Yardley, and hence that the interference should be dissolved. The Law Examiner ruled against Erben's contention and declined to dissolve the interference. Yardley had satisfied the Primary Examiner on this point by filing affidavits under rule 75 of the Patent Office, for the purpose of overcoming this reference. Erben contended below, as here, that he should have been permitted to inspect those affidavits.

In Gueniffet v. Wictorsohn, 30 App. D. C. 432, we ruled that it was unnecessary to determine what right either party to an interference ultimately might have to a patent; the only question involved being that of priority between the parties to the interference. In Lecroix v. Tyberg, 33 App. D. C. 586, and in Gammeter v. Thropp, 42 App. D. C. 564, we held, following our decision in Burson v. Vogel, 29 App. D. C. 388, that the possible existence of a statutory bar of public use to the issuance of a patent to one of the parties to an interference is not an issue in that interference. We have repeatedly held that the question of patentability is not before us in an interference proceeding. Sobey v. Holsclaw, 28 App. D. C. 65; Mell v. Midgley, 31 App. D. C. 534; Norling v. Hayes, 37 App. D. C. 169.

[2] The issue here is between the parties to the interference, and the losing party has no standing to contend that a third party really is the prior inventor. That such was the contention in the Patent Office is apparent from the Assistant Commissioner's decision, wherein it is stated:

"Erben contends that the issue is not patentable to Yardley, since the showing made by him to establish that he made the invention prior to the date of a certain French patent was not sufficient; and Yardley contends that what Erben did was, in view of the state of the art, not patentable over the disclosure made in what is known as the 'Power' article. * * * Neither of these questions is properly to be considered on an appeal on priority."

The Assistant Commissioner clearly was right, for Yardley, even assuming that he was anticipated by the French patent, still would be

prior to Erben. Since the issue raised by the affidavits filed by Yardley was one in which Erben had no interest in the interference proceeding, the Patent Office did not err in denying Erben's motion to inspect them.

The decision is affirmed.

Affirmed.