**TIBBETTS INDUSTRIES, INC., and George C. Tibbetts, Plaintiffs,**

v.

**KNOWLES ELECTRONICS, INC., and Hugh S. Knowles, Defendants.**

**No. 66 C 1077.**

United States District Court
N. D. Illinois, E. D.

Dec. 22, 1966.

Dugald S. McDougall, Theodore R. Scott and David L. Ladd, McDougall, Hersh, Scott & Ladd, Chicago, Ill., and Charles S. Grover, Boston, Mass., for plaintiffs.

Wilfred S. Stone and Anthony S. Zummer, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

DECKER, District Judge.

Count I of this complaint raises a question of first impression in the interpretation of the sections of the patent laws which provide for review of decisions of the Board of Patent Interferences. Plaintiff filed this suit for review under 35 U.S.C. § 146. Defendant, the successful party before the Board, moves to dismiss. The motion is denied.

"Whenever an application is made for a patent which * * * would interfere with any pending application, or with any unexpired patent," the question of "priority of invention" must be determined. 35 U.S.C. § 135(a). This question of "priority" requires resolution of the issues of "conception," "diligence," "reduction to practice" and "abandonment." A party first to conceive and diligently reduce to practice may nonetheless lose on the issue of priority if he has concealed, abandoned or suppressed his invention.

An "interference proceeding" is initiated and resolved by a special panel, the Board of Patent Interferences ("Board"). 35 U.S.C. § 135(a). The Board's decision "awarding priority" to one of the competing applicants is reviewable through a comprehensive and, until today, clear procedure. Appeal may be filed either in the United States Court of Customs and Patent Appeals ("CC PA"), under 35 U.S.C. § 141, or, in the alternative, in a United States District Court, under 35 U.S.C. § 146. Count I of this complaint was filed under § 146.

██ ██ Resort to one forum plainly bars use of the other. Thus, § 146 states:

"Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints or as provided in section 141 of this title, unless he has appealed to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided."

And, 28 U.S.C. § 1542 states:

"The Court of Customs and Patent Appeals shall have jurisdiction of appeals from decisions of:

"(1) the Board of Appeals and the Board of Interference Examiners of the Patent Office as to patent applications and interferences, at the instance of an applicant for a patent or any party to a patent interference, and such appeal by an applicant shall waive his right to proceed under section 63 of Title 35".

It is clear that the reference to the old § 63 may be read to include the present § 146.

Other parties to the interference have the same choice provided for dissatisfied parties. Thus, § 141 states:

"A party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority may appeal to the United States Court of Customs and Patent Appeals, but such appeal shall be dismissed if any adverse party to such interference, within twenty days after the appellant has filed notice of appeal according to section 142 of this title, files notice with the Commissioner that he elects to have all further proceedings conducted as provided in section 146 of this title."

Any party can bring the appeal to federal district court and thereby bar resort to the CCPA.

██ Many characteristics of the two forums may influence a party's choice. One difference between them is particularly important: in district court new evidence can be introduced while in the CCPA it cannot. 35 U.S.C. § 146. A party who wishes to bring in new evidence must remove the proceedings to the district court.

Plaintiffs Tibbetts Industries, Inc., and George Tibbetts ("Tibbetts") and defendants Knowles Electronics, Inc., and Hugh S. Knowles ("Knowles") were parties to an interference which was resolved by the Board on May 31, 1963, with an award of priority to Tibbetts.[1] Knowles appealed to the CCPA. Tibbetts also appealed to object to the Board's failure to make certain findings. The CCPA reversed the Board, finding that Knowles was the first to conceive and reduce the invention to practice. However, the case was remanded to the Board to determine whether Knowles, though prior, had foreclosed a patent by abandoning, suppressing or concealing the invention. 35 U.S.C. § 102(g). This question was irrelevant as long as Tibbetts was held to be prior, and therefore the Board had ignored it. Given the CCPA's reversal, the question became of paramount importance. The Court said:

"Having held that there was no reduction to practice, the board did not consider whether Knowles had abandoned, suppressed or concealed his invention from the time of reduction to practice in the latter part of 1953 until his filing date of April 22, 1958. Tibbetts has raised that issue throughout the interference and it must be decided. We thus remand for consideration of the 35 U.S.C. § 102(g) issue."

██ On remand, the Board denied Tibbetts' request for oral hearing, considered the previously ignored question and awarded priority to Knowles. It is

---

1. The individual and corporate party on each side are referred to here as a single entity. The actions of each bind the other.

from this decision of the Board that Tibbetts claims a right to appeal in this court pursuant to § 146. The question is whether, when the Board makes two separate decisions at different times involving different issues, a waiver of a § 146 suit as to the first Board decision constitutes a waiver as to the second decision as well. I think it does not.

The statutory language does not preclude and slightly favors Tibbetts' right to sue here. No violence is done to §§ 141 and 146 by reading the word "decision" to refer to every independent adjudication made by the Board. Nothing in the statute requires a waiver following one decision to reach a second decision in the same interference. The statute speaks solely in terms of "decisions," not interferences or proceedings.[2] It can hardly be debated that the Board made two "decisions" in this case.

The legislative history favors Tibbetts' right to sue here. The purpose of requiring an election of remedies was to foreclose redundant appeals. See Hoover Co. v. Coe, 325 U.S. 79, 86–87, 65 S.Ct. 955, 89 L.Ed. 1488 (1945). Permitting Tibbetts to sue here on the Board's *second* decision does not proliferate appeals since there is certainly a right to one more appeal in this case in *some* forum. The choice of this one precludes later resort to the CCPA.

Suit in federal district court was provided to save "to litigants the option of producing new evidence in a court." Hoover Co. v. Coe, 325 U.S. 79, 87, 65 S.Ct. 955, 89 L.Ed. 1488 (1945). The difficulty with Knowles' reading of the statute is evident in light of this provision. Following the first Board decision, Tibbetts saw no need to employ the special processes of this court. Tibbetts had won; evidence on questions of abandonment, suppression and concealment was unnecessary. Tibbetts' need for this forum became clear only later, after the Board's second decision; such a need

could not have been discerned, except in pure prophecy, prior to that time. It is unreasonable to attribute to Congress the intention to force a litigant to make his choice not only on the basis of present facts, but on uncertain future ones as well. The statute cannot be read to give a waiver made in one set of circumstances on one decision, binding effect in new, radically different circumstances on another decision. Congress must have thought that there were differences between the two available forums which would influence a litigant's choice in light of the status of his case. There is no reason to deny the benefits of that choice when conditions have changed and the entire decision-making process has begun again on new questions.

For these reasons, Knowles' motion to dismiss Count I of the complaint is denied.

---

2. Under § 141, an appeal in the CCPA goes forward unless a party "elects to have all further proceedings conducted" in federal district court. However, the word "proceedings" in § 141 is clearly controlled by the prior word "decision" in the section and is limited to proceedings on that decision.