**TIBBETTS INDUSTRIES, INC. and George C. Tibbetts, Plaintiffs-Appellees,**

v.

**KNOWLES ELECTRONICS, INC. and Hugh S. Knowles, Defendants-Appellants.**

**No. 16099.**

United States Court of Appeals Seventh Circuit.

Nov. 29, 1967.

Certiorari Denied March 4, 1968.

See 88 S.Ct. 1046.

Wilfred S. Stone, Anthony S. Zummer, Stone, Zummer & Livingston, Chicago, Ill., for defendants-appellants.

Dugald S. McDougall, David L. Ladd, Chicago, Ill., Charles S. Grover, Boston, Mass., McDougall, Hersh, Scott & Ladd, Chicago, Ill., for plaintiffs-appellees, Theodore R. Scott, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and FAIRCHILD, Circuit Judges.

HASTINGS, Chief Judge.

The precise question for decision on this appeal can be best stated after a brief summary of the prior proceedings had in the United States Patent Office, and thereafter.

George C. Tibbetts and Hugh S. Knowles each filed separate applications in the United States Patent Office for a patent, stated in general terms, on a means of magnetically balancing the motor of a microphone or receiver. The Tibbetts application, serial No. 690,753, was filed August 28, 1957. The Knowles application, serial No. 730,082, was filed April 22, 1958.

The respective patent applications were placed in interference pursuant to Title 35, U.S.C.A. § 135(a) for the determination of priority of invention.

The Board of Patent Interferences awarded priority of invention to Tibbetts. It based its award of priority on its holding that the junior party, Knowles, had failed to prove a reduction to practice prior to the senior party's filing date. Having, so held, the Board did not reach or consider Tibbetts' claim that Knowles had suppressed, abandoned or concealed the invention.

Pursuant to Title 35, U.S.C.A. § 141, Knowles appealed this decision to the United States Court of Customs and Patent Appeals, and Tibbetts filed a protective appeal seeking affirmance and preserving alternate grounds for affirmance. The appeals related solely to the issues of conception, reduction to practice and diligence.

On appeal, the CCPA reversed the Board on the issue of reduction to practice. However, it further held that Tibbetts had raised throughout the interference the issue of whether Knowles had abandoned, suppressed or concealed his invention from the time of reduction to practice in the latter part of 1953 until his filing date of April 22, 1958, and that issue must now be decided by the Board. It thus remanded the case to the Board for consideration of this issue as set out in Title 35, U.S.C.A. § 102(g). Knowles v. Tibbetts, 347 F.2d 591, 52 CCPA 1800 (1965).

On remand, the Board of Patent Interferences for the first time considered the issues of abandonment, suppression and concealment. In a second decision, after denying Tibbetts' request for an oral hearing and considering only a closed record, the Board held that Knowles had not suppressed his invention and awarded priority to Knowles.

As will appear, this decision is the one under question before this court on the instant appeal.

Following the foregoing second decision of the Board, on June 14, 1966, pursuant to Title 35, U.S.C.A. § 146, Tibbetts Industries, Inc. and George C. Tibbetts brought this action in the United States District Court for the Northern District of Illinois to review such second decision of the Board. In Count I, plaintiffs seek a judgment to compel the issuance of the patent in question to Tibbetts. In Count II, plaintiffs seek to declare invalid the patent issued to Knowles on the same invention.

Named as defendants in the instant suit are Knowles Electronics, Inc. and Hugh S. Knowles.

Following the filing of this complaint, on June 29, 1966, Knowles filed an emergency motion in the CCPA asking that court to confirm its sole jurisdiction in this matter. This motion was summarily denied by Judge Rich on June 30, 1966, through his handwritten notation on the original petition. In short, this appears to have been an abortive attempt by Knowles to force this review before the CCPA.

Thereafter, on August 1, 1966, Knowles filed a motion to dismiss the complaint in this action. Knowles sought dismissal of Count I on the ground that the district court lacked jurisdiction over the subject matter, claiming jurisdiction to be in the CCPA under 35 U.S.C.A. § 141, since it is alleged that Tibbetts waived his right to institute the present action by filing a notice of appeal from the first decision of the Board of Patent Interferences.

The grounds for dismissal of Count II are other than those asserted against Count I. Count II is not before us at this time and need not be further considered here.

The district court denied the motion of Knowles to dismiss Count I. Knowles petitioned this court for leave to appeal this order pursuant to Title 28, U.S.C.A. § 1292(b). Upon proper certification by the presiding district judge, leave to appeal from such interlocutory order was granted and the matter is now before us.

It is clear that under 35 U.S.C.A. § 135(a), subject to the conditions for patentability stated in 35 U.S.C.A. § 102(g), when two competing inventors file separate applications for a patent on a similar invention, the first to conceive and reduce the invention to practice is entitled to an award of priority and the issuance of a patent, unless he has abandoned, suppressed or concealed it. On appeal to the CCPA, it was finally determined that Knowles was the first to reduce to practice and that issue is no longer before us.

The relevant part of 35 U.S.C.A. § 146 reads:

"Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints or as provided in section 141 of this title, unless he has appealed to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided. * * *"

The relevant part of 28 U.S.C.A. § 1542 reads:

"The Court of Customs and Patent Appeals shall have jurisdiction of appeals from decisions of:

(1) The Board of Appeals and the Board of Interference Examiners of the Patent Office as to patent applications and interferences, at the instance of an applicant for a patent or any party to a patent interference, and such appeal by an applicant shall waive his right to proceed under section 63 of Title 35; * * *"[1]

The relevant part of 35 U.S.C.A. § 141 reads:

"* * * A party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority may appeal to

---

1. It is understood that reference to § 63 now includes § 146 in the present statute, hereinabove set out.

the United States Court of Customs and Patent Appeals, but such appeal shall be dismissed if any adverse party to such interference, within twenty days after the appellant has filed notice of appeal according to section 142 of this title, files notice with the Commissioner that he elects to have all further proceedings conducted as provided in section 146 of this title. Thereupon the appellant shall have thirty days thereafter within which to file a civil action under section 146, in default of which the decision appealed from shall govern the further proceedings in the case."

■■ It thus appears clear that appeal from the Board's decision in an interference proceeding lies either in the CCPA, or by way of civil remedy in the federal district court. It is also clear that neither party can compel the other to accept CCPA review, but either party can compel the other to accept *de novo* review in the district court.

The precise question before us, as the district court stated in its memorandum opinion, "is whether, when the Board makes two separate decisions at different times involving different issues, a waiver of a § 146 suit as to the first Board decision constitutes a waiver as to the second decision as well." The trial court thought it did not. Tibbetts Industries, Inc. v. Knowles Electronics, Inc., D.C.N.D.Ill.E.D., 263 F.Supp. 275, 277–278 (1966), Honorable Bernard M. Decker presiding.

The district court was of the view that this is a case of first impression on this particular issue.

■ We quote with approval the following from Judge Decker's memorandum opinion:

"The statutory language does not preclude and slightly favors Tibbetts' right to sue here. No violence is done to §§ 141 and 146 by reading the word

'decision' to refer to every independent adjudication made by the Board. Nothing in the statute requires a waiver following one decision to reach a second decision in the same interference. The statute speaks solely in terms of 'decisions,' not interferences or proceedings.[2] It can hardly be debated that the Board made two 'decisions' in this case.

"The legislative history favors Tibbetts' right to sue here. The purpose of requiring an election of remedies was to foreclose redundant appeals. See Hoover Co. v. Coe, 325 U.S. 79, 86–87, 65 S.Ct. 955, 89 L.Ed. 1488 (1945). Permitting Tibbetts to sue here on the Board's *second* decision does not proliferate appeals since there is certainly a right to one more appeal in this case in *some* forum. The choice of this one precludes later resort to the CCPA.

"Suit in federal district court was provided to save 'to litigants the option of producing new evidence in a court.' Hoover Co. v. Coe, 325 U.S. 79, 87, 65 S.Ct. 955, 89 L.Ed. 1488 (1945). The difficulty with Knowles' reading of the statute is evident in light of this provision. Following the first Board decision, Tibbetts saw no need to employ the special processes of this court. Tibbetts had won; evidence on questions of abandonment, suppression and concealment was unnecessary. Tibbetts' need for this forum became clear only later, after the Board's second decision; such a need could not have been discerned, except in pure prophecy, prior to that time. It is unreasonable to attribute to Congress the intention to force a litigant to make his choice not only on the basis of present facts, but on uncertain future ones as well. The statute cannot be read to give a waiver made in one set of circumstances on one decision, binding effect in new, radically different circumstances on another decision.

---

2. Under § 141, an appeal in the CCPA goes forward unless a party 'elects to have all further proceedings conducted' in federal district court. However, the word 'proceedings' in § 141 is clearly controlled by the prior word 'decision' in the section and is limited to proceedings on that decision.

Congress must have thought that there were differences between the two available forums which would influence a litigant's choice in light of the status of his case. There is no reason to deny the benefits of that choice when conditions have changed and the entire decision-making process has begun again on new questions."

This becomes readily apparent in this case where it appears that Tibbetts may have need to resort to evidence now relevant in a *de novo* hearing in the district court and could not make such showing on appeal on a closed record in the CCPA. What may be readily apparent now was not apparent prior to the second decision of the Board.

We have carefully reviewed the several authorities cited by Knowles, as well as his contentions asserted in support of his arguments for reversal. We do not find the authorities cited to be controlling here and we are not persuaded by his arguments that the district court was incorrect in its holding.

■ For the foregoing reasons, and in reliance on the opinion of the district court, 263 F.Supp. 275, supra, the interlocutory order appealed from is in all respects affirmed.

Affirmed.