451 F.2d 818
 171 U.S.P.Q. 792
 John BOYCE, an individual, and FMC Corporation, a
corporation, Appellees,
v.
Earl R. ANDERSON, an individual, and Filper Corporation, a
corporation, Appellants.
John BOYCE, an individual, and FMC Corporation, a
corporation, Appellants,
v.
Earl R. ANDERSON, an individual, and Filper Corporation, a
corporation, Appellees.
 Nos. 26308, 22163.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 12, 1971.
 
 Dirks B. Foster (argued), Thomas E. Ciotti, of Boyken, Mohler, Foster & Schwab, San Francisco, Cal., for Earl R. Anderson, etc.
 Lewis E. Lyon (argued), of Lyon & Lyon, Los Angeles, Cal., for John Boyce, etc.
 Before HAMLEY and BROWNING, Circuit Judges, and THOMPSON, District Judge.*
 HAMLEY, Circuit Judge:
 
 
 1
 This case originated in the United States Patent Office as an interference between competing applicants for a patent on the same invention. At issue is the priority of invention of a method of pitting peaches as conceived by John A. Boyce and, separately, by Earl R. Anderson.
 
 
 2
 The board of patent interferences awarded priority to Anderson. Boyce and his assignee, FMC Corporation, being dissatisfied with the decision of the board, then commenced this action pursuant to 35 U.S.C. Sec. 146, naming as defendants Anderson and his assignee, Filper Corporation. The district court adjudged that Boyce had priority of invention. Anderson and Filper Corporation appeal. We reverse.[1]
 
 
 3
 Under 35 U.S.C. Sec. 102(g) the determination of priority of invention requires the resolution of the respective dates of two factual components: (1) the date of "conception"-the mental act of realization by the inventor of complete and operative means to produce a result;[2] and (2) the date of "reduction to practice"-the physical act of producing the desired results by the means conceived by the inventor (Corona Cord Tire Co. v. Dovan Chemical Corp., 276 U.S. 358, 383, 48 S.Ct. 380, 72 L.Ed. 610 (1928)). The filing of a patent application is "constructive reduction to practice." (Hann v. Venetian Blind Corp., 111 F.2d 455, 458 (9th Cir. 1940)).
 
 
 4
 The inventor who is first to both conceive the invention and reduce it to practice is awarded priority. Tibbetts Industries, Inc. v. Knowles Electronics, Inc., 386 F.2d 209, 211 (7th Cir. 1967); Erben v. Yardley, 50 App.D.C. 43, 267 F. 345 (1920). But if the first to conceive the invention is the last to reduce it to practice, he will still be awarded priority if he was diligent in reducing his invention to practice from a time just prior to the second inventor's conception. 35 U.S.C. Sec. 102(g); Gould v. Schawlow, 363 F.2d 908, 911, 53 C.C.P.A. 1403 (1966).
 
 
 5
 Anderson was the first to apply for a patent, doing so on August 6, 1956. Boyce, together with Paul C. Wilbur and James L. Reimers, filed a joint patent application on June 10, 1957.[3] On March 17, 1958, a declaration of interference between these two patent applications was entered in the patent office. In this declaration the invention is defined by the following count:
 
 
 6
 "The method of removing a pit from its cavity in a peach half which comprises; supporting said peach half, applying an arcuate force to one edge of said pit adjacent one edge of said pit cavity, and guiding said pit adjacent an opposite edge of said pit cavity along an arc which is a continuation of the curvature of said cavity."
 
 
 7
 A full hearing was held before the board as a result of which the board filed a seventeen-page decision. As a result of its analysis of the evidence, the board concluded that Boyce had not proved either that he conceived the invention of the count or that he reduced it to practice prior to August 6, 1956, the filing date of Anderson. In view of this conclusion, the board held that it was unnecessary to consider the record of Anderson, the senior party.[4] As before stated, the board awarded priority of invention to Anderson.
 
 
 8
 Contrary to the determination of the board of patent interferences, the district court found, in its findings of fact No. 10:
 
 
 9
 "10. Broad and reasonably clear construction of the language of the claim in issue requires a conclusion that both conception, by Plaintiff Boyce, and reduction to practice of the method was accomplished not later than March 11, 1955, when several variations of the hand operated peach pitting device identified in the record of test, Plaintiffs' Exhibit 11, were completed and placed in operation at Plaintiff, FMC Corporation."
 
 
 10
 Defendants Anderson and Filper Corporation attack that finding on this appeal. They argue that it was arrived at by the application of an improper legal standard and an improper construction of the count defining the invention, and is clearly erroneous.
 
 
 11
 The findings of fact, entered after trial by the district court, were based upon essentially the same evidence as that which was before the board. The principal exception to this is that Wilbur, whose testimony was before the board by way of deposition, testified in person in the district court. But while the district court indicated that it attached weight and credibility to the testimony of Wilbur, it does not appear that Wilbur's testimony in the district court differed substantially from that he gave by way of deposition before the board.
 
 
 12
 To the extent that the board declined to accept Wilbur's deposition testimony, its reasons for doing so were not of a kind which would be likely to be dispelled by a personal appearance. Instead, they were largely based upon the board's conclusion that Wilbur's testimony was too general, internally inconsistent, vague, in conflict with Boyce's testimony, or hearsay.
 
 
 13
 Boyce and FMC Corporation call attention to the following observation the board made regarding Wilbur's testimony:
 
 
 14
 "The fact that Wilbur was a coapplicant in the application as filed, and that he had a key part in conception of the apparatus in the early spring of 1955, creates a situation in which Wilbur's testimony cannot be considered to provide necessary corroboration of conception or reduction to practice, if there is any intention to attribute these later activities to Boyce (see Desch v. Dickinson, 99 USPQ 218, Manny v. Garlick [135 F.2d 757] 30 CCPA 1008, 1943 C.D. 419, 57 USPQ 377)."
 
 
 15
 Boyce and FMC Corporation believe the quoted statement indicates that, on the ground there stated, standing alone, the board "in effect discarded the testimony of the principal witness produced on behalf of the Party Boyce * * *" We do not so read the board decision. The board considered Wilbur's testimony but, in the main, rejected it because of excessive generality, inconsistency, or the other similar reasons listed above.
 
 
 16
 The board's observation to which plaintiffs refer, read in context, pertains only to any "later" activities, after the end of the peach season of 1955 and prior to the 1956 season, which plaintiffs seek to attribute to Boyce.
 
 
 17
 Moreover, the same paragraph of the board's opinion indicates that even this portion of Wilbur's testimony relating to "later" activities was not rejected out of hand as improper corroboration, but was carefully considered and found unpersuasive because too general. The board's comments about coapplication and corroboration appear to us to be a tentative and conditional alternative conclusion, while the ground of excessive generality was a proper and sufficient independent basis for the decision as to this testimony. In short, the board did not reject plaintiffs' proofs for lack of corroboration. Rather, the evidence produced was found, on consideration, insufficient to properly prove conformance to the count. We therefore find it unnecessary to decide whether the board could properly have rejected Wilbur's testimony on the sole ground that he had been a coapplicant.
 
 
 18
 Our review of the record convinces us that finding of fact No. 10 is not sustainable, having in view the careful evaluation of all considerations by the board, as evidenced by its comprehensive decision, and the heavy burden which plaintiffs are required to carry in obtaining district court disapproval of determinations by the board of patent interferences. The rule governing district court proceedings under 35 U.S.C. Sec. 146 was first stated in Morgan v. Daniels, 153 U.S. 120, 125, 14 S.Ct. 772, 773, 38 L.Ed. 657 (1894) as follows:
 
 
 19
 "Upon principle and authority, therefore, it must be laid down as a rule that where the question to be decided in the patent office is one between contesting parties as to priority of invention, the decision there made must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction."[5]
 
 
 20
 The board's decision evidences a careful analysis of all the evidence tendered by Boyce measured by two tests: (1) did the evidence establish, by a preponderance, that Boyce, as junior party, had reduced the process steps of the count to practice prior to August 6, 1956, the filing date of Anderson;[6] or (2) did it establish that Boyce had conceived the invention prior to August 6, 1956 under the test of Townsend v. Smith, note 2, supra, and that he was diligent from a time prior to Anderson's filing date until a subsequent date when he had reduced it to practice, either actually or constructively, in accordance with the doctrine of Gould v. Schawlow, supra, 363 F.2d at 911.[7]
 
 
 21
 In contrast to the painstaking and exhaustive opinion of the board is the summary finding of the district court, based on substantially identical evidence, fixing an earlier date for Boyce's reduction to practice. Our review of the record leads us to conclude that the court failed to apply correctly the legal tests set forth above in interpreting the evidence and the interference count, or that it failed to heed the command of Morgan v. Daniels, supra, that the evidence, in character and amount, must carry thorough conviction before the board's finding may be overturned. See Tidewater Patent Development Co. v. Gillette Co., 273 F.2d 936, 938-940 (4th Cir. 1960).
 
 
 22
 We accordingly hold that finding of fact No. 10 must be set aside and that the board correctly concluded that Boyce has not proved either conception of the invention or reduction to practice prior to August 6, 1956. As the board decision indicates, this determination renders it unnecessary to consider Anderson's record on priority of conception or reduction to practice, for the established date on which Anderson applied for a patent evidences both conception and reduction to practice at least by that date. See Hann v. Venetian Blind Corp., 111 F.2d 455, 458 (9th Cir. 1940). Therefore Anderson and Filper Corporation are entitled to an adjudication that they have priority of invention.
 
 
 23
 The judgment is reversed and the cause is remanded to the district court for entry of judgment consistent herewith. The still-pending appeal in No. 22,163 is rendered moot by the decision in this appeal and No. 22,163 is therefore dismissed.
 
 
 
 *
 The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation
 
 
 [1]
 The judgment under review results from a second trial in this litigation. The first trial led to a judgment against Boyce and FMC Corporation, not on the question of priority, but on the question of whether Boyce is barred from obtaining a valid patent because a device employing his invention was placed in public use or on sale in this country more than one year prior to his application for a patent. We reversed and remanded for further proceedings on the ground that the district court should first have determined the question of priority. See Boyce v. Anderson, 405 F.2d 605 (9th Cir. 1968), docketed as No. 22,163
 
 
 [2]
 In Townsend v. Smith, 36 F.2d 292, 295, 17 C.C.P.A. 647 (1929), the court said:
 "* * * the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention as it is thereafter to be applied in practice * * *."
 
 
 [3]
 On October 1, 1958, this joint application was converted to a sole application of Boyce, relating back to June 10, 1957
 
 
 [4]
 The preliminary statement of Anderson before the board claims disclosure of the invention to others and reduction to practice in September, 1950, several years before any date of invention claimed by Boyce
 
 
 [5]
 See also, Toledo Scale Corp. v. Westinghouse Electric Corp., 351 F.2d 173, 179-180 (6th Cir. 1965); Tidewater Patent Development Co. v. Gillette Company, 273 F.2d 936, 938 (4th Cir. 1960); Radio Corporation of America v. International Standard Electric Corp., 232 F.2d 726, 729 (3d Cir. 1956)
 
 
 [6]
 This is an established requirement in interferences. See Tennessee Valley Authority v. Monsanto Chemical Co., 383 F.2d 973, 975-976 (5th Cir. 1967)
 
 
 [7]
 The essence of the board decision was that Boyce had failed to prove that he had either conceived or reduced to practice, by the critical date of Anderson's filing, the portion of the interference count which required guiding the pit, on the edge opposite the application of force, along an arc which is a continuation of the curvature of the pit cavity. It is accepted doctrine that the inventor's work must conform precisely to the count, including all the limitations contained therein; and while the count must be given the broadest construction which its language will reasonably permit, its language must not be ignored and each express requirement must be met. See Gubelmann v. Gang, 408 F.2d 758, 766-767 (C.C.P.A.1969); Land v. Regan, 342 F.2d 92, 101, 52 C.C.P.A. 1042 (1965). The board concluded that there was no direct evidence that the requirement of curved guidance had been met by the critical date, and that the evidence indicated that even the conception of curved guidance as necessary to proper functioning of the invention had come about as an afterthought. These conclusions are abundantly supported in the decision by reference to testimony and exhibits